FILED
DALLAS COUNTY
11/7/2016 2:00:55 PM
FELICIA PITRE
DISTRICT CLERK
Marissa Pittma:

Case 3:17-cv-01922-S-BK    Document 1-5    Filed 07/19/17    Page 1 of 45    PageID 20

2-CIT ES

1-CIT COH CERT MAIL

DC-16-14431

CAUSE NO. _____

| | | |
|---|---|---|
| DAVID O'DONNELL, | § | IN THE DISTRICT COURT OF |
| | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | DALLAS COUNTY, TEXAS |
| | § | |
| JUAN PABLO ZAVALA DIAZ, | § | |
| AVIS BUDGET CAR RENTAL, LLC, | § | |
| CHADWICK SAMUEL MOFFETT, | § | |
| AND JOHN DOE | § | |
| | § | |
| Defendants | § | ____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION AND DISCOVERY REQUESTS

TO THE HONORABLE COURT:

Comes now Plaintiff, David O'Donnell, complaining of Juan Pablo Zavala Diaz, Avis Budget Car Rental, Chadwick Samuel Moffett, and John Doe, Defendants, and for cause of action would show the Court as follows:

I.

Pursuant to rule 190.1, Plaintiff alleges that discovery is intended to be conducted in this matter under Level 2 as provided by Rule 190.3 of the Texas Rules of Civil Procedure. Plaintiff seeks more than $200,000.00 in monetary damages.

II.

Defendant **Juan Pablo Zavala Diaz** is an individual who resides at Calle Independencia #317, Barcelona, Spain. Mr. Zavala Diaz may be served with process as a non-resident motorist through the Chair of the Texas Transportation Commission as follows: Mr. Tryon D. Lewis, Chairman, Texas Transportation Commission, 125 E. 11th Street, Austin, Texas 78701-2483.

EXHIBIT
B-3
PENGAD 800-631-6989

Defendant **Avis Budget Car Rental, LLC** is a non-resident corporation located at 6 Sylvan Way, Parsippany, New Jersey 07054. Avis may be served with process through its registered agent for service, Corporation Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701.

Defendant **Chadwick Samuel Moffett** is an individual who resides at 8716 Desert Dunes Trail, McKinney, Texas 75070 and may be served with process at that address.

Defendant **John Doe**, name and address unknown at this time, is the employer of Defendant Zavala Diaz. Upon information and belief, Mr. Zavala Diaz was in the course and scope of his employment at the time he crashed into the vehicle in which Plaintiff was a passenger.

III.

Venue is properly in Dallas County, Texas since the car wreck made the basis of this suit occurred in Dallas County, Texas.

IV.

This suit is brought to collect a legal debt and damages due and owing to Plaintiff by virtue of a car wreck caused by Defendant **Juan Pablo Zavala Diaz**. On or about January 15, 2015, said Defendant was negligent in the operation of his automobile which negligence caused the wreck made the basis of this suit. Specifically, **Juan Pablo Zavala Diaz** was negligent and grossly negligent in:

      a. Failing to keep a proper look-out;
      b. Failing to yield the right of way to oncoming traffic;
      c. Making an unsafe left turn; and
      d. Failing to timely apply his brakes.

**Juan Pablo Zavala Diaz** smashed into the vehicle in which Plaintiff was a passenger at a high rate of speed. Said Defendant's negligence proximately caused a wreck in which Plaintiff

sustained severe personal injuries.  Nothing the Plaintiff did or failed to do either caused, or contributed to cause the wreck made the basis of this suit.  Defendant's negligence was a proximate cause of the collision in question.

At the time of the wreck, Defendant **Juan Pablo Zavala Diaz** was operating a vehicle owned by Defendant **Avis Budget Car Rental, LLC**.  **Avis Budget Car Rental, LLC** negligently entrusted its vehicle to **Juan Pablo Zavala Diaz** even though it knew he was an unlicensed driver. **Juan Pablo Zavala Diaz** was reckless on the occasion in question, and his negligence proximately caused Plaintiff's severe personal injuries.

Defendant **Chadwick Samuel Moffett** was driving the vehicle in which Plaintiff was a passenger.  At the time of the wreck, **Moffett** was negligent and grossly negligent in:

a.  Failing to keep a proper look-out;
b.  Failing to timely apply his brakes; and
c.  Failing to take evasive action.

Said Defendant's negligence proximately caused a wreck in which Plaintiff sustained severe personal injuries.  Nothing the Plaintiff did or failed to do either caused, or contributed to cause, the wreck made the basis of this suit.  Defendant's negligence was a proximate cause of the collision in question.

Defendant **John Doe**, name and address unknown at this time, is the employer of Defendant Zavala Diaz.  Upon information and belief, Mr. Zavala Diaz was in the course and scope of his employment at the time he crashed into the vehicle in which Plaintiff was a passenger. As such, Defendant **John Doe** is responsible for the actions of its employee under the doctrine of *respondeat superior*.

V.

In the wreck made the basis of this suit, Plaintiff sustained severe bodily injuries. By reason of those injuries and the damages flowing in law therefrom, this suit is maintained. Plaintiff has suffered severe pain and mental anguish in the past and in all reasonable probability will continue to suffer physical pain and mental anguish in the future. Due to the nature and severity of Plaintiff's injuries, he has required medical treatment in the past, and in reasonable probability, will require other additional treatment in the future. The charges that have been made in the past, and those that will in reasonable probability will be made in the future, have been and will be reasonable charges made necessary by the wreck in question. Additionally, Plaintiff has suffered lost wages in the past, and loss of earning capacity at present and in the future. Plaintiff's damages are far in excess of the minimum jurisdictional limits of the Court.

VI.

## PLAINTIFF'S REQUEST FOR DISCLOSURE

Defendants are hereby required to disclose, within fifty days of service of this request, the information or material described in Tex. R. Civ. P. 194.2.

VII.

## PLAINTIFF'S DISCOVERY REQUESTS TO DEFENDANT ZAVALA DIAZ

## PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANT ZAVALA DIAZ

TO: Defendant, Juan Pablo Zavala Diaz,

COMES NOW Plaintiff in the above-styled and numbered cause and serves the following Requests for Admissions under the provisions of Tex. R. Civ. P. 198.1. Plaintiff requires that Responses to the same be filed no later than fifty (50) days after the date of service hereof.

Each of the items labeled "Request for Admission" is a Request for Admission propounded pursuant to the provisions of Tex. R. Civ. P. 198.1. Under said Rule, each such matter is admitted without the necessity of a Court Order unless, within fifty (50) days, you serve a written Response specifically denying the matter or setting forth in detail the reasons that you cannot truthfully admit or deny the matter, or make a proper legal objection. <u>You may not give lack of information or knowledge as a reason for failure to admit or deny unless you state that you have made reasonable inquiry and that information known or easily obtainable by you is insufficient to enable you to admit or deny.</u>

### REQUEST FOR ADMISSION NO. 1

Admit to the judge and jury that on or about January 15, 2015, you were the driver of a vehicle which collided with a vehicle in which David O'Donnell was a passenger in Dallas County, Texas.

### RESPONSE:

### REQUEST FOR ADMISSION NO. 2

Admit to the judge and jury that at the time of the collision made the basis of this suit, you failed to control your speed.

### RESPONSE:

### REQUEST FOR ADMISSION NO. 3

Admit to the judge and jury that at the time of the collision made the basis of this suit, you failed to keep a proper lookout.

### RESPONSE:

### REQUEST FOR ADMISSION NO. 4

Admit to the judge and jury that at the time of the collision made the basis of this suit, you made an unsafe left turn.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 5**

Admit to the judge and jury that at the time of the collision made the basis of this suit, you failed to yield the right of way to oncoming traffic.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 6**

Admit to the judge and jury that at the time of the collision made the basis of this suit, your conduct constituted negligence as that term is understood in law.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 7**

Admit to the judge and jury that at the time of the collision made the basis of this suit, your negligence was a proximate cause of the collision in question.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 8**

Admit to the judge and jury that at the time of the collision made the basis of this suit, your negligence was a proximate cause of bodily injuries to Plaintiff.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 9**

Admit to the judge and jury that at the time of the collision made the basis of this suit, you did not have a valid Texas drivers' license.

**RESPONSE:**

## REQUEST FOR ADMISSION NO. 10

Admit to the judge and jury that at the time you rented the vehicle you were driving at the time of the collision made the basis of this suit, you did not provide a valid Texas drivers' license to Avis Budget Car Rental, LLC.

## RESPONSE:

## REQUEST FOR ADMISSION NO. 11

Admit to the judge and jury that at the time of the collision made the basis of this suit, you were in the course and scope of your employment.

## RESPONSE:

## PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT ZAVALA DIAZ

TO: Defendant, Juan Pablo Zavala Diaz,

COMES NOW Plaintiff in the above-styled and numbered cause and serves the following Interrogatories under the provisions of Tex. R. Civ. P. 197, and Plaintiff requires that Answers to the same be filed no later than fifty (50) days after the date of service hereof.

Each of the items labeled "Interrogatory" is an Interrogatory propounded pursuant to the provisions of Tex. R. Civ. P. 197, and Plaintiff requires that the Defendant submit answers to the same in writing and under oath within the time required.

**INTERROGATORY NO. 1:** State your full name, current address, home and business phone number, date of birth, place of birth (city and state), social security number, and Texas drivers' license number, if any.

### ANSWER:

**INTERROGATORY NO. 2:** State whether or not you (Defendant Juan Pablo Zavala Diaz) were acting within the course and scope of any agency, employment or service at the time of the collision, and describe the type of relationship of the persons involved.

### ANSWER:

**INTERROGATORY NO. 3:**
State the full name, current address, home and business phone number of each trial witness.

> **ANSWER:**

**INTERROGATORY NO. 4:**  Have you ever been a party to any other lawsuit arising in whole or in part out of a motor vehicle accident?  If so, for each such lawsuit, state the place (city, county, and state) of filing of the lawsuit, the style of the lawsuit, the date of filing of the lawsuit, the cause number of the lawsuit, the court (J.P., county or district) in which filed, and the nature of the lawsuit.

> **ANSWER:**

**INTERROGATORY NO. 5:**  Have you been involved in any motor vehicle accidents prior to the one made the basis of this lawsuit?  If so, state the date and location of each accident, whether or not you received a ticket in each accident, and the disposition of any tickets that you received.

> **ANSWER:**

**INTERROGATORY NO. 6:**  Prior to the occurrence, had you ever had your motor vehicle operator's license revoked, suspended, or withdrawn by any licensing authority?  If so, please identify the date, state licensing authority and action taken, and reason for such revocation or suspension.

> **ANSWER:**

**INTERROGATORY NO. 7:**  Please list all citations for traffic violations received within the last ten (10) years.

> **ANSWER:**

**INTERROGATORY NO. 8:**  Please state whether you have ever been charged, convicted of, or pleaded guilty to any crime, felony or misdemeanor, describing the nature and extent of such charge or charges, the exact time such charges were made, and if applicable, the court, cause number and date when a judgment of conviction was entered against you, stating whether you were presently on probation in.

> **ANSWER:**

**INTERROGATORY NO. 9:**  Do you or your attorneys intend to use any criminal records for impeachment purposes at the trial of this cause?  If so, please identify the party against whom you intend to offer the impeachment evidence, the charge, date of conviction, county or state of said conviction, and cause number with the style of the case.

<u>ANSWER:</u>

**INTERROGATORY NO. 10:** Describe in detail how the accident occurred, giving events in the order in which they took place. As part of the description, state on what street(s) the Defendant Juan Pablo Zavala Diaz and the Plaintiff were traveling, the direction(s) in which the Defendant and the Plaintiff were headed, the Defendant's speed at the time of impact, Plaintiff's speed at the time of impact, the weather conditions, where the Defendant was headed and where the Defendant had come from, and the time of day of the accident. Also, state everywhere you traveled on the date of the incident.

<u>ANSWER:</u>

**INTERROGATORY NO. 11:** Was the vehicle involved in this accident damaged in the accident? If so, state each part of the vehicle that was damaged, state the cost of repairs to the vehicle as a result of the accident, and state the name and address of each person or entity that performed repairs to the vehicle as a result of the accident. If the vehicle was not repaired, state the amount of each estimate or appraisal of damage to the vehicle as a result of the accident and the name and address of each person or entity who appraised the vehicle following the accident.

<u>ANSWER:</u>

**INTERROGATORY NO. 12:** If you allege that Plaintiff was negligent in regard to the accident made the basis of this suit, please list each and every way in which Plaintiff is alleged to be negligent and detail all facts which you allege support each such allegation.

<u>ANSWER:</u>

**INTERROGATORY NO. 13:** State the full name, current (or last known) address, and phone number of each person or entity that owned the vehicle driven by this Defendant on the date of the accident.

<u>ANSWER:</u>

**INTERROGATORY NO. 14:** State the full name, current (or last known) address, and phone number of each person who has possession, custody or control of any photographs, movie films or videotapes that depict the scene of the accident (whether made at any time before or after the accident), the vehicles involved in the accident, the Plaintiff, or that depicts anything which is relevant to this lawsuit.

<u>ANSWER:</u>

**INTERROGATORY NO. 15:** Subsequent to the investigation at the scene, have you made a report or complaint to or had conversations with any governmental department and/or police department concerning the accident and/or any citation which you received in connection with this accident? If so, as to each, please state:

a.)   The date made, to whom, and the purpose therefore;

b.)   The name, address, telephone number and job title or capacity of each person assisting you in making such report or complaint, and

c.)   All action taken by you or by the governmental department and/or police department with regard to said report, complaint or conversations.

**ANSWER:**

**INTERROGATORY NO. 16:**  Do you intend to challenge the reputation, character and/or qualification of any of plaintiff's treating physicians?  If so, state the complete factual basis for such contention.

**ANSWER:**

**INTERROGATORY NO. 17:**  Did you own or possess a mobile or cellular phone at the time of the accident?  If so, please state the following:

a.)   the make(s) and model(s) of telephone(s);

b.)   the telephone number(s);

c.)   the name under which the telephone(s) is registered; and

d.)   the name of the service provider or entity that prepares the bill for such telephone(s).

**ANSWER:**

**INTERROGATORY NO. 18:**  Identify all drugs, if any, specifically including (but not limited to) prescription medications and alcoholic beverages that you consumed within the twenty-four period immediately preceding the incident in question, describing the name and nature of such drugs, the quantity consumed and the approximate time of consumption.

**ANSWER:**

**INTERROGATORY NO. 19:**  Please set forth in detail the date, location and contents of each and every conversation or communication between you and Plaintiff, or agents, employees or family members of Plaintiff.

**ANSWER:**

**INTERROGATORY NO. 20:**  As to each expert used for consultation and who is not expected to be called as an expert witness at trial, but whose opinions or impressions have been reviewed by any testifying expert, please state such consulting expert's name, address, telephone number, mental impressions and opinions, and facts known to each such expert which relate to or form the basis of the mental impression or opinion held by such expert.

**ANSWER:**

**INTERROGATORY NO. 21:**  As to each expert who will not be called to testify as an expert and whose opinions or impressions have been reviewed by a testifying expert, provide the following information:

    a.)    Identify (name and address) each;

    b.)    State each's area of expertise;

    c.)    State what opinions or impressions have been reviewed by a testifying expert.

        **ANSWER:**

**INTERROGATORY NO. 22:**  State the names, etc., of any and all persons believed or understood by Defendant to have any information concerning:

    a.)    Any pre-existing disabilities, injuries, ailments or illnesses of the Plaintiff;

    b.)    Disabilities, ailments, illnesses or injuries of the Plaintiff suffered after the date of the accident set forth in Plaintiff's petition.

        **ANSWER:**

**INTERROGATORY NO. 23:**  Do you contend the incident made basis of this suit was not a proximate cause of the injuries to Plaintiff?  If so, then state the exact basis for your contention/opinion, specifically referencing the evidence in your possession to support your opinion/contention.

        **ANSWER:**

**INTERROGATORY NO. 24:**  Please identify any and all documents produced by you to Avis Budget Car Rental, LLC at the time you rented the vehicle you were driving at the time of the collision.

        **ANSWER:**

**INTERROGATORY NO. 25:**  Did anyone working for, or on behalf of, Avis Budget Car Rental, LLC request information regarding your driving history at the time you rented the vehicle you were driving at the time of the collision?

        **ANSWER:**

**PLAINTIFFS' FIRST REQUEST FOR PRODUCTION TO DEFENDANT ZAVALA DIAZ**

TO: Defendant, Juan Pablo Zavala Diaz,

COMES NOW Plaintiff in the above-styled and numbered cause and serves the following Requests for Production under the provisions of Tex. R. Civ. P. 196, and Plaintiff requires that Responses to same be filed no later than fifty (50) days after the date of service hereof.

Each of the items below is a Request for Production propounded pursuant to the provisions of Tex. R. Civ. P. 196 and Plaintiff requires that the Defendant respond to each such request with the time stated herein.  Plaintiff gives notice of intent to use any documents produced at trial or any hearing herein.

**REQUEST NO. 1:**  A copy of each and every photograph, film, videotape, slide, drawing, model, diagram, or other visual display in the possession, custody or control of Defendant, which allegedly depicts or portrays the scene of the accident made the basis of this lawsuit, the vehicles involved in the accident made the basis of this lawsuit, the Plaintiff, and/or which is in any way relevant to the accident in question or this lawsuit.

**RESPONSE:**

**REQUEST NO. 2:**  A copy of the front and back of Defendant's vehicle Operators Licenses and social security cards or other government-issued identification card.

**RESPONSE:**

**REQUEST NO. 3:**  Copies of all deposition testimony given by any experts who may be called to testify on behalf of the Defendant in the past ten (10) years.

**RESPONSE:**

**REQUEST NO. 4:**  Copies of any documents reflecting lawsuits in which any expert who may be called to testify at trial has been a party in the past ten (10) years.

**RESPONSE:**

**REQUEST NO. 5:**  A true and correct copy of the car rental agreement between Defendant and Avis Budget Car Rental, LLC concerning the vehicle Defendant was driving at the time of the accident made the basis of this suit.

**RESPONSE:**

**REQUEST NO. 6:**   Copies of any and all medical records relating to Plaintiff which have not previously been provided to the Defendant by Plaintiff (or his counsel) and which are in the possession, control or custody of Defendant or his agents, representatives or attorneys.   This request includes all documents obtained through deposition on written questions pursuant to Rule 206(2).

   **RESPONSE:**

**REQUEST NO. 7:**   Copies of any and all documents relating to Plaintiff's past, present or future employment or claim for lost wages or loss of wage earning capacity which have not previously been provided to the Defendant by Plaintiff (or his counsel) and which are in the possession, control or custody of Defendant or his agents, representatives or attorneys.

   **RESPONSE:**

**REQUEST NO. 8:**   Any and all reports, correspondence, notes or other documents in your possession, control or custody which relate to any citation or criminal charges you received in connection with the accident made the basis of this lawsuit.

   **RESPONSE:**

**REQUEST NO. 9:**   Any and all documents reflecting criminal conviction you intend to use against any person for impeachment purposes at the time of trial of this cause.

   **RESPONSE:**

**REQUEST NO. 10:**   A detailed drawing of where and how the accident took place, including direction you were traveling, number of lanes in the street, other cars in the area, and a sketch indicating what part of Plaintiff's vehicle and Defendant's rental vehicle were damaged.

   **RESPONSE:**

**REQUEST NO. 11:**   Any diaries, calendars, notes, records or other documents made, maintained or kept by Defendant pertaining to any incident, communication or thoughts regarding the occurrences on which this suit is based, or any plaintiff, other than correspondence or communications between Defendant and his attorneys or documents prepared exclusively for use by Defendant's attorneys.

   **RESPONSE:**

**REQUEST NO. 12:**   Any court documents, such as pleadings and judgments, pertaining to or reflecting any criminal or civil action, other than this one, in which Defendant has ever been involved as a party.

**RESPONSE:**

**REQUEST NO. 13:** All correspondence, notes, memoranda, recordings or other documents evidencing or reflecting any communication, conversation, transaction or dealing between Plaintiff and Defendant (either party's agents, servants, family members or employees).

    **RESPONSE:**

**REQUEST NO. 14:** All photographs, slides, videotapes, video recordings, films or other visual or electronic recordings made in connection with or relating to any of the following:

    a.)    the occurrences made the basis of this suit;
    b.)    the injuries or conditions of Plaintiff;
    c.)    the care or conduct of any Defendant; and
    d.)    that you plan to use at trial, whether as evidence or demonstrative.

    **RESPONSE:**

**REQUEST NO. 15:** All documents, including but not limited to settlement agreements, releases, checks, drafts, contracts, and other written materials reflecting or pertaining to the terms, conditions and payment of any agreement, settlement or release made by you with any other person or entity relating to the occurrences, injuries or damages which are the subject of this suit.

    **RESPONSE:**

**REQUEST NO. 16:** Any and all charts, models, blow-ups, pictures, illustrations, diagrams or other documents or tangible things which you intend to use as a demonstrative exhibit or aid at the trial of this cause.

    **RESPONSE:**

**REQUEST NO. 17:** Any and all documents referred to or otherwise used by you to refresh your memory about the matters made the subject of this suit.

    **RESPONSE:**

**REQUEST NO. 18:** All documents you intend to use to impeach any witness.

    **RESPONSE:**

**REQUEST NO. 19:** All deposition or trial transcripts of Plaintiff or any party or witness in your possession.

    **RESPONSE:**

**REQUEST NO. 20:** All reports, notes, memoranda, correspondence, charts, diagrams, photographs, videotapes, exhibits, slides, x-rays, models, compilations of data, and any other documents, materials or tangible things prepared by or for any expert witness (including consulting experts whose opinions have been reviewed by any testifying expert).

      **RESPONSE:**

**REQUEST NO. 21:** All documents reviewed by any expert witness or furnished to any expert witness for his or her review in connection with this case (including consulting experts whose opinions have been reviewed by any testifying expert).

      **RESPONSE:**

**REQUEST NO. 22:** All documents and tangible things containing the mental impressions and opinions of any expert (including any consulting expert whose opinions or impressions have been reviewed by the expert witness.)

      **RESPONSE:**

**REQUEST NO. 23:** All correspondence and other documents reflecting any and all communications between any expert witness and Defendant, attorney for Defendant, or any of Defendant's representatives, and any other person relating to the involvement or work of the expert witness in this case (including consulting experts whose opinions have been reviewed by any testifying expert).

      **RESPONSE:**

**REQUEST NO. 24:** All articles, texts, treatises, or other publications used, consulted, or relied on by any expert witness in connection with his or her work in this case (including consulting experts whose opinions have been reviewed by any testifying expert).

      **RESPONSE:**

**REQUEST NO. 25:** The entire file of any expert witness on this case (including consulting experts whose opinions have been reviewed by any testifying expert).

      **RESPONSE:**

**REQUEST NO. 26:** A copy of any expert witness's current curriculum vitae, including a list of all publications authored in whole or in part by the expert (including consulting experts whose opinions have been reviewed by any testifying expert).

      **RESPONSE:**

**REQUEST NO. 27:** Copies of any articles, texts, treatises or other publications authored in whole or in part by any expert witness which relate to or bear on the issues involved in this case (including consulting experts whose opinions have been reviewed by any testifying expert).

     **RESPONSE:**

**REQUEST NO. 28:** Copies of any articles, texts, treatises or other publications provided or referred by any expert witness to Plaintiff (including consulting experts whose opinions have been reviewed by any testifying expert).

     **RESPONSE:**

**REQUEST NO. 29:** All depositions or transcripts of trial testimony previously given by any expert witness (including consulting experts whose opinions have been reviewed by any testifying expert).

     **RESPONSE:**

**REQUEST NO. 30:** All contracts, agreements, correspondence and other documents pertaining to or reflecting any involvement, employment, listing, membership, affiliation, understanding or agreement of any expert witness with any expert witness referral service, listing service, directory, or any person or entity involved in locating or referring expert witnesses or consultants for legal matters (including consulting experts whose opinions have been reviewed by any testifying expert).

     **RESPONSE:**

**REQUEST NO. 31:** All advertisements, brochures, circulars, or other documents used by or on behalf of any expert witness to advertise, promote, publicize or describe the availability of his/her services in the past ten years (including consulting experts whose opinions have been reviewed by any testifying expert).

     **RESPONSE:**

**REQUEST NO. 32:** All documents reflecting the amount of time spent by any expert witness in connection with this case (including consulting experts whose opinions have been reviewed by any testifying expert).

     **RESPONSE:**

**REQUEST NO. 33:** All documents reflecting or pertaining to charges or billings for the services of any expert witness in connection with this case (including consulting experts whose opinions have been reviewed by any testifying expert).

     **RESPONSE:**

**REQUEST NO. 34:** Copies of any articles, texts, treatises or other publications established, or to be established, as a reliable authority by the testimony of any expert witness (including consulting experts whose opinions have been reviewed by any testifying expert).

    **RESPONSE:**

**REQUEST NO. 35:** Copies of any articles, texts, treatises or other publications on which any expert witness has been or will be asked to express an opinion concerning authority, reliability or agreement with any statement in the work (including consulting experts whose opinions have been reviewed by any testifying expert).

    **RESPONSE:**

**REQUEST NO. 36:** All settlement agreements, documents regarding any promise of intent to settle, or any promise or agreement not to sue between Defendant and any person, firm, corporation or entity not a party to this suit.

    **RESPONSE:**

**REQUEST NO. 37:** Photographs or physical objects which you or your representatives have preserved which relate to this occurrence or the damages being claimed.

    **RESPONSE:**

**REQUEST NO. 38:** The reports of any medical expert witnesses or expert witnesses of any character that may be called to testify in this case.

    **RESPONSE:**

**REQUEST NO. 39:** All documents and tangible things, including all tangible reports, physical models, compilations of data and other material prepared by any medical expert witnesses or expert witnesses of any character that may be called to testify in this case.

    **RESPONSE:**

**REQUEST NO. 40:** All documents and tangible things, including all tangible reports, physical models, compilations of data and other material prepared by an expert used for consultation which forms the basis, either in whole or in part, of the opinions of any expert who may be called to testify in this case.

    **RESPONSE:**

**REQUEST NO. 41:** Any document in your possession with Plaintiff's name on it that was obtained by any third party in connection with the prosecution and/or defense of this claim.

Plaintiff understands that these documents will continue to be obtained by you through the course of discovery, but demand that they be IMMEDIATELY SUPPLEMENTED as they are obtained. **IN NO EVENT WILL PLAINTIFF ALLOW CROSS EXAMINATION OF ANY WITNESS IN DISCOVERY ON DOCUMENTS OBTAINED BY YOU AND NOT PRODUCED PURSUANT TO THIS REQUEST.** Examples include but are not limited to the following:

   a.)   Medical Records obtained pursuant to a release signed by Plaintiff;
   b.)   Medical Records of the Plaintiff obtained by subpoena or deposition notices, even if Plaintiff received a copy of the notice and chose not to order a copy of depositions on written questions;
   c.)   Medical Records of the Plaintiff obtained from another source, including the Plaintiff's lawyer or prior lawyer;
   d.)   Investigative material relating to any claim Plaintiff may have made prior to the accident in question, including any information on Plaintiff from any national data bank or repository of claims history, and any information obtained directly from other insurance companies related to the Plaintiff;
   e.)   Information related to the Plaintiff found on the internet;
   f.)   Records of any kind relating to Plaintiff's criminal history;
   g.)   Documents received from any third party auditor or claim service purporting to value Plaintiff's medical bills, or evaluate the reasonableness and necessity of such claims;
   h.)   Any subrogation or lien notices;
   i.)   In automobile accidents or any other arbitral claim, the ENTIRE FILE submitted to any arbitration proceeding, including documents from any opposing party and/or any arbitration orders or awards;
   j.)   Any document with Plaintiff's signature or signatures on it, or words on it attributed to Plaintiff, including any purported statements that were paraphrased by any insurance adjuster and appear in your file, and any purported release of information signed by any person related to this claim.

**RESPONSE:**

**REQUEST NO. 42:** A privilege log of any withheld documents.

**RESPONSE:**

**REQUEST NO. 43:** Copies of all documents requested by Avis Budget Car Rental, LLC at the time you rented the vehicle you were driving at the time of the collision.

**RESPONSE:**

VIII.

**PLAINTIFF'S DISCOVERY REQUESTS TO DEFENDANT AVIS BUDGET CAR RENTAL, LLC**

**PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANT
AVIS BUDGET CAR RENTAL, LLC**

TO: Defendant, Avis Budget Car Rental, LLC,

COMES NOW Plaintiff in the above-styled and numbered cause and serves the following Requests for Admissions under the provisions of Tex. R. Civ. P. 198.1. Plaintiff requires that Responses to the same be filed no later than fifty (50) days after the date of service hereof.

Each of the items labeled "Request for Admission" is a Request for Admission propounded pursuant to the provisions of Tex. R. Civ. P. 198.1. Under said Rule, each such matter is admitted without the necessity of a Court Order unless, within fifty (50) days, you serve a written Response specifically denying the matter or setting forth in detail the reasons that you cannot truthfully admit or deny the matter, or make a proper legal objection. You may not give lack of information or knowledge as a reason for failure to admit or deny unless you state that you have made reasonable inquiry and that information known or easily obtainable by you is insufficient to enable you to admit or deny.

**REQUEST FOR ADMISSION NO. 1**

Admit to the judge and jury that on or about January 15, 2015, you were the owner of a vehicle which collided with a vehicle in which David O'Donnell was a passenger in Dallas County, Texas.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 2**

Admit to the judge and jury that you rented the vehicle involved in the collision made the basis of this suit to Juan Pablo Zavala Diaz.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 3**

Admit to the judge and jury that at the time you rented out the vehicle involved in the collision made the basis of this suit, you did not require Juan Pablo Zavala Diaz to produce a valid Texas drivers' license.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 4**

Admit to the judge and jury that at the time you rented the vehicle involved in the collision made the basis of this suit to Juan Pablo Zavala Diaz, you knew that Juan Pablo Zavala Diaz did not have a valid drivers' license.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 5**

Admit to the judge and jury that at the time of the collision made the basis of this suit, Juan Pablo Zavala Diaz's conduct constituted negligence as that term is understood in law.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 6**

Admit to the judge and jury that at the time of the collision made the basis of this suit, Juan Pablo Zavala Diaz's negligence was a proximate cause of the collision in question.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 7**

Admit to the judge and jury that at the time of the collision made the basis of this suit, Juan Pablo Zavala Diaz's negligence was a proximate cause of bodily injuries to Plaintiff.

**RESPONSE:**

## PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT
## AVIS BUDGET CAR RENTAL, LLC

TO: Defendant, Avis Budget Car Rental, LLC,

COMES NOW Plaintiff in the above-styled and numbered cause and serves the following Interrogatories under the provisions of Tex. R. Civ. P. 197, and Plaintiff requires that Answers to the same be filed no later than fifty (50) days after the date of service hereof.

Each of the items labeled "Interrogatory" is an Interrogatory propounded pursuant to the provisions of Tex. R. Civ. P. 197, and Plaintiff requires that the Defendant submit answers to the same in writing and under oath within the time required.

**INTERROGATORY NO. 1:** State whether or not you rented the vehicle to Defendant Juan Pablo Zavala Diaz individually or whether another entity such as an agency, employer or service rented the vehicle on his behalf, and describe the type of relationship of the persons involved.

    **ANSWER:**

**INTERROGATORY NO. 2:**
State the full name, current address, home and business phone number of each trial witness.

    **ANSWER:**

**INTERROGATORY NO. 3:** Has Defendant ever been a party to any other lawsuit arising in whole or in part out of a motor vehicle accident? If so, for each such lawsuit, state the place (city, county, and state) of filing of the lawsuit, the style of the lawsuit, the date of filing of the lawsuit, the cause number of the lawsuit, the court (J.P., county or district) in which filed, and the nature of the lawsuit.

    **ANSWER:**

**INTERROGATORY NO. 4:** Please state whether you obtained a copy of a valid Texas drivers' license before renting Juan Pablo Zavala Diaz the vehicle he crashed into the car in which Plaintiff was a passenger.

    **ANSWER:**

**INTERROGATORY NO. 5:** Please list any and all steps you took to check Juan Pablo Zavala Diaz's driving record before renting him the vehicle he crashed into the car in which Plaintiff was a passenger.

    **ANSWER:**

**INTERROGATORY NO. 6:**  Do you or your attorneys intend to use any criminal records for impeachment purposes at the trial of this cause?  If so, please identify the party against whom you intend to offer the impeachment evidence, the charge, date of conviction, county or state of said conviction, and cause number with the style of the case.

**ANSWER:**

**INTERROGATORY NO. 7:**  Was the vehicle involved in this accident damaged in the accident?  If so, state each part of the vehicle that was damaged, state the cost of repairs to the vehicle as a result of the accident, and state the name and address of each person or entity that performed repairs to the vehicle as a result of the accident.  If the vehicle was not repaired, state the amount of each estimate or appraisal of damage to the vehicle as a result of the accident and the name and address of each person or entity who appraised the vehicle following the accident.

**ANSWER:**

**INTERROGATORY NO. 8:**  If you allege that Plaintiff was negligent in regard to the accident made the basis of this suit, please list each and every way in which Plaintiff is alleged to be negligent and detail all facts which you allege support each such allegation.

**ANSWER:**

**INTERROGATORY NO. 9:**  If you allege that any other person was negligent in regard to the accident made the basis of this suit, please list each and every such person and the ways in which you assert that person was negligent and detail all facts which you contend support each such allegation.

**ANSWER:**

**INTERROGATORY NO. 10:**  State the full name, current (or last known) address, and phone number of each person who has possession, custody or control of any photographs, movie films or videotapes that depict the scene of the accident (whether made at any time before or after the accident), the vehicles involved in the accident, the Plaintiff, or that depicts anything which is relevant to this lawsuit.

**ANSWER:**

**INTERROGATORY NO. 11:**  Subsequent to the investigation at the scene, have you made a report or complaint to or had conversations with any governmental department and/or police department concerning the accident?  If so, as to each, please state:
      a.) The date made, to whom, and the purpose therefore;
      b.) The name, address, telephone number and job title or capacity of each person assisting you in making such report or complaint, and
      c.) All action taken by you or by the governmental department and/or police

department with regard to said report, complaint or conversations.

**ANSWER:**

**INTERROGATORY NO. 12:**   Do you intend to challenge the reputation, character and/or qualification of any of plaintiff's treating physicians?  If so, state the complete factual basis for such contention.

**ANSWER:**

**INTERROGATORY NO. 13:**   Please set forth in detail the date, location and contents of each and every conversation or communication between you and any Plaintiff, or agents, employees or family members of any Plaintiff.

**ANSWER:**

**INTERROGATORY NO. 14:**   As to each expert used for consultation and who is not expected to be called as an expert witness at trial, but whose opinions or impressions have been reviewed by any testifying expert, please state such consulting expert's name, address, telephone number, mental impressions and opinions, and facts known to each such expert which relate to or form the basis of the mental impression or opinion held by such expert.

**ANSWER:**

**INTERROGATORY NO. 15:**   As to each expert who will not be called to testify as an expert and whose opinions or impressions have been reviewed by a testifying expert, provide the following information:
         a.) Identify (name and address) each;
         b.) State each's area of expertise;
         c.) State what opinions or impressions have been reviewed by a testifying expert.

**ANSWER:**

**INTERROGATORY NO. 16:**   State the names, etc., of any and all persons believed or understood by Defendant to have any information concerning:
         a.) Any pre-existing disabilities, injuries, ailments or illnesses of the Plaintiff;
         b.) Disabilities, ailments, illnesses or injuries of the Plaintiff suffered after the date of
            the accident set forth in Plaintiff's petition.

**ANSWER:**

**INTERROGATORY NO. 17:**   Do you contend the incident made basis of this suit was not a proximate cause of the injuries to Plaintiff?   If so, then state the exact basis for your contention/opinion, specifically referencing the evidence in your possession to support your opinion/contention.

**ANSWER:**

**INTERROGATORY NO. 18:**  Please identify any and all documents produced to you by Juan Pablo Zavala Diaz at the time you rented him the vehicle he was driving at the time of the collision.

**ANSWER:**

**INTERROGATORY NO. 19:**  Did you obtain any written or oral statements from Defendant Juan Pablo Diaz following the accident concerning his interpretation of what occurred?  If so, please identify any and all such statements, the date such statements were provided, and the individuals to whom such statements were made.

**ANSWER:**

**PLAINTIFF'S FIRST REQUEST FOR PRODUCTION TO DEFENDANT
AVIS BUDGET CAR RENTAL, LLC**

TO: Defendant, Avis Budget Car Rental, LLC,

COMES NOW Plaintiff in the above-styled and numbered cause and serves the following Requests for Production under the provisions of Tex. R. Civ. P. 196, and Plaintiff requires that Responses to same be filed no later than fifty (50) days after the date of service hereof.

Each of the items below is a Request for Production propounded pursuant to the provisions of Tex. R. Civ. P. 196 and Plaintiff requires that the Defendant respond to each such request with the time stated herein.  Plaintiff gives notice of intent to use any documents produced at trial or any hearing herein.

**REQUEST NO. 1:**  A copy of each and every photograph, film, videotape, slide, drawing, model, diagram, or other visual display in the possession, custody or control of Defendant, which allegedly depicts or portrays the scene of the accident made the basis of this lawsuit, the vehicles involved in the accident made the basis of this lawsuit, the Plaintiff, and/or which is in any way relevant to the accident in question or this lawsuit.

**RESPONSE:**

**REQUEST NO. 2:** A true and correct copy of the car rental agreement between Defendant Juan Pablo Zavala Diaz and Avis Budget Car Rental, LLC concerning the vehicle Defendant Zavala Diaz was driving at the time of the accident made the basis of this suit.

**RESPONSE:**

**REQUEST NO. 3:** A copy of the front and back of Defendant Juan Pablo Zavala Diaz's vehicle Operators Licenses and social security cards or other government-issued identification card.

**RESPONSE:**

**REQUEST NO. 4:** Copies of all deposition testimony given by any experts who may be called to testify on behalf of the Defendant in the past ten (10) years.

**RESPONSE:**

**REQUEST NO. 5:** Copies of any documents reflecting lawsuits in which any expert who may be called to testify at trial has been a party in the past ten (10) years.

**RESPONSE:**

**REQUEST NO. 6:** Copies of any and all medical records relating to Plaintiff which have not previously been provided to the Defendant by Plaintiff (or his counsel) and which are in the possession, control or custody of Defendant or his agents, representatives or attorneys. This request includes all documents obtained through deposition on written questions pursuant to Rule 206(2).

**RESPONSE:**

**REQUEST NO. 7:** Copies of any and all documents relating to Plaintiff's past, present or future employment or claim for lost wages or loss of wage earning capacity which have not previously been provided to the Defendant by Plaintiff (or his counsel) and which are in the possession, control or custody of Defendant or his agents, representatives or attorneys.

**RESPONSE:**

**REQUEST NO. 8:** Copies of any and all insurance policies providing coverage of any sort for the rental vehicle and driver involved in this accident.

**RESPONSE:**

**REQUEST NO. 9:** Any and all documents reflecting criminal conviction you intend to use against any person for impeachment purposes at the time of trial of this cause.

**RESPONSE:**

**REQUEST NO. 10:**  A detailed drawing of where and how the accident took place, including direction your customer, Mr. Zavala Diaz, was traveling, number of lanes in the street, other cars in the area, and a sketch indicating what part of Plaintiff's vehicle and Defendant's rental vehicle were damaged.

  **RESPONSE:**

**REQUEST NO. 11:** Any diaries, calendars, notes, records or other documents made, maintained or kept by Defendant pertaining to any incident, communication or thoughts regarding the occurrences on which this suit is based, or any plaintiff, other than correspondence or communications between Defendant and his attorneys or documents prepared exclusively for use by Defendant's attorneys.

  **RESPONSE:**

**REQUEST NO. 12:** Any court documents, such as pleadings and judgments, pertaining to or reflecting any criminal or civil action, other than this one, in which Defendant has ever been involved as a party.

  **RESPONSE:**

**REQUEST NO. 13:** All correspondence, notes, memoranda, recordings or other documents evidencing or reflecting any communication, conversation, transaction or dealing between Plaintiff and any Defendant (either party's agents, servants, family members or employees).

  **RESPONSE:**

**REQUEST NO. 14:** All photographs, slides, videotapes, video recordings, films or other visual or electronic recordings made in connection with or relating to any of the following:
   a.) the occurrences made the basis of this suit;
  b.)  the injuries or conditions of Plaintiff;
  c.)  the care or conduct of any Defendant; and
  d.)  that you plan to use at trial, whether as evidence or demonstrative.

  **RESPONSE:**

**REQUEST NO. 15:** All documents, including but not limited to settlement agreements, releases, checks, drafts, contracts, and other written materials reflecting or pertaining to the terms, conditions and payment of any agreement, settlement or release made by you with any other person or entity relating to the occurrences, injuries or damages which are the subject of this suit.

  **RESPONSE:**

**REQUEST NO. 16:** Any and all charts, models, blow-ups, pictures, illustrations, diagrams or other documents or tangible things which you intend to use as a demonstrative exhibit or aid at the trial of this cause.

     **RESPONSE:**

**REQUEST NO. 17:** Any and all documents referred to or otherwise used by you to refresh your memory about the matters made the subject of this suit.

     **RESPONSE:**

**REQUEST NO. 18:** All documents you intend to use to impeach any witness.

     **RESPONSE:**

**REQUEST NO. 19:** All deposition or trial transcripts of Plaintiff or any party or witness in your possession.

     **RESPONSE:**

**REQUEST NO. 20:** All reports, notes, memoranda, correspondence, charts, diagrams, photographs, videotapes, exhibits, slides, x-rays, models, compilations of data, and any other documents, materials or tangible things prepared by or for any expert witness (including consulting experts whose opinions have been reviewed by any testifying expert).

     **RESPONSE:**

**REQUEST NO. 21:** All documents reviewed by any expert witness or furnished to any expert witness for his or her review in connection with this case (including consulting experts whose opinions have been reviewed by any testifying expert).

     **RESPONSE:**

**REQUEST NO. 22:** All documents and tangible things containing the mental impressions and opinions of any expert (including any consulting expert whose opinions or impressions have been reviewed by the expert witness.)

     **RESPONSE:**

**REQUEST NO. 23:** All correspondence and other documents reflecting any and all communications between any expert witness and Defendant, attorney for Defendant, or any of Defendant's representatives, and any other person relating to the involvement or work of the expert witness in this case (including consulting experts whose opinions have been reviewed by any testifying expert).

**RESPONSE:**

**REQUEST NO. 24:** All articles, texts, treatises, or other publications used, consulted, or relied on by any expert witness in connection with his or her work in this case (including consulting experts whose opinions have been reviewed by any testifying expert).

**RESPONSE:**

**REQUEST NO. 25:** The entire file of any expert witness on this case (including consulting experts whose opinions have been reviewed by any testifying expert).

**RESPONSE:**

**REQUEST NO. 26:** A copy of any expert witness's current curriculum vitae, including a list of all publications authored in whole or in part by the expert (including consulting experts whose opinions have been reviewed by any testifying expert).

**RESPONSE:**

**REQUEST NO. 27:** Copies of any articles, texts, treatises or other publications authored in whole or in part by any expert witness which relate to or bear on the issues involved in this case (including consulting experts whose opinions have been reviewed by any testifying expert).

**RESPONSE:**

**REQUEST NO. 28:** Copies of any articles, texts, treatises or other publications provided or referred by any expert witness to Plaintiff (including consulting experts whose opinions have been reviewed by any testifying expert).

**RESPONSE:**

**REQUEST NO. 29:** All depositions or transcripts of trial testimony previously given by any expert witness (including consulting experts whose opinions have been reviewed by any testifying expert).

**RESPONSE:**

**REQUEST NO. 30:** All contracts, agreements, correspondence and other documents pertaining to or reflecting any involvement, employment, listing, membership, affiliation, understanding or agreement of any expert witness with any expert witness referral service, listing service, directory, or any person or entity involved in locating or referring expert witnesses or consultants for legal matters (including consulting experts whose opinions have been reviewed by any testifying expert).

**RESPONSE:**

**REQUEST NO. 31:** All advertisements, brochures, circulars, or other documents used by or on behalf of any expert witness to advertise, promote, publicize or describe the availability of his/her services in the past ten years (including consulting experts whose opinions have been reviewed by any testifying expert).

**RESPONSE:**

**REQUEST NO. 32:** All documents reflecting the amount of time spent by any expert witness in connection with this case (including consulting experts whose opinions have been reviewed by any testifying expert).

**RESPONSE:**

**REQUEST NO. 33:** All documents reflecting or pertaining to charges or billings for the services of any expert witness in connection with this case (including consulting experts whose opinions have been reviewed by any testifying expert).

**RESPONSE:**

**REQUEST NO. 34:** Copies of any articles, texts, treatises or other publications established, or to be established, as a reliable authority by the testimony of any expert witness (including consulting experts whose opinions have been reviewed by any testifying expert).

**RESPONSE:**

**REQUEST NO. 35:** Copies of any articles, texts, treatises or other publications on which any expert witness has been or will be asked to express an opinion concerning authority, reliability or agreement with any statement in the work (including consulting experts whose opinions have been reviewed by any testifying expert).

**RESPONSE:**

**REQUEST NO. 36:** All settlement agreements, documents regarding any promise of intent to settle, or any promise or agreement not to sue between Defendant and any person, firm, corporation or entity not a party to this suit.

**RESPONSE:**

**REQUEST NO. 37:** Photographs or physical objects which you or your representatives have preserved which relate to this occurrence or the damages being claimed.

**RESPONSE:**

**REQUEST NO. 38:** The reports of any medical expert witnesses or expert witnesses of any character that may be called to testify in this case.

     **RESPONSE:**

**REQUEST NO. 39:** All documents and tangible things, including all tangible reports, physical models, compilations of data and other material prepared by any medical expert witnesses or expert witnesses of any character that may be called to testify in this case.

     **RESPONSE:**

**REQUEST NO. 40:** All documents and tangible things, including all tangible reports, physical models, compilations of data and other material prepared by an expert used for consultation which forms the basis, either in whole or in part, of the opinions of any expert who may be called to testify in this case.

     **RESPONSE:**

**REQUEST NO. 41:** Any document in your possession with Plaintiff's name on it that was obtained by any third party in connection with the prosecution and/or defense of this claim. Plaintiff understands that these documents will continue to be obtained by you through the course of discovery, but demand that they be IMMEDIATELY SUPPLEMENTED as they are obtained. **IN NO EVENT WILL PLAINTIFF ALLOW CROSS EXAMINATION OF ANY WITNESS IN DISCOVERY ON DOCUMENTS OBTAINED BY YOU AND NOT PRODUCED PURSUANT TO THIS REQUEST.** Examples include but are not limited to the following:

    a.)    Medical Records obtained pursuant to a release signed by Plaintiff;

    b.)    Medical Records of the Plaintiff obtained by subpoena or deposition notices, even if Plaintiff received a copy of the notice and chose not to order a copy of depositions on written questions;

    c.)    Medical Records of the Plaintiff obtained from another source, including the Plaintiff's lawyer or prior lawyer;

    d.)    Investigative material relating to any claim Plaintiff may have made prior to the accident in question, including any information on Plaintiff from any national data bank or repository of claims history, and any information obtained directly from other insurance companies related to the Plaintiff;

    e.)    Information related to the Plaintiff found on the internet;

    f.)    Records of any kind relating to Plaintiff's criminal history;

    g.)    Documents received from any third party auditor or claim service purporting to value Plaintiff's medical bills, or evaluate the reasonableness and necessity of such claims;

    h.)    Any subrogation or lien notices;

    i.)    In automobile accidents or any other arbitral claim, the ENTIRE FILE submitted to any arbitration proceeding, including documents from any opposing party and/or any arbitration orders or awards;

      j.)     Any document with Plaintiff's signature or signatures on it, or words on it attributed to Plaintiff, including any purported statements that were paraphrased by any insurance adjuster and appear in your file, and any purported release of information signed by any person related to this claim.

    **RESPONSE:**

**REQUEST NO. 42:**  A privilege log of any withheld documents.

    **RESPONSE:**

**REQUEST NO. 43:**  Copies of all documents requested by Avis Budget Car Rental, LLC from Defendant Juan Pablo Zavala Diaz at the time you rented him the vehicle he was driving at the time of the collision.

    **RESPONSE:**

**REQUEST NO. 44:**  Audio files and hard copies of all oral or written statements, including English translations of any such statements if necessary, obtained by Avis Budget Car Rental, LLC from Defendant Juan Pablo Zavala Diaz following the accident in question, including recorded statements provided to any investigator or insurance company representatives, the damage report for the returned rental vehicle, or any post-accident statement made by Mr. Zavala Diaz to any representative or agent of Avis Budget Car Rental, LLC.

    **RESPONSE:**


IX.

**PLAINTIFF'S DISCOVERY REQUESTS TO DEFENDANT MOFFETT**

**PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANT MOFFETT**

TO: Defendant, Chadwick Samuel Moffett,

    COMES NOW Plaintiff in the above-styled and numbered cause and serves the following Requests for Admissions under the provisions of Tex. R. Civ. P. 198.1.  Plaintiff requires that Responses to the same be filed no later than fifty (50) days after the date of service hereof.

    Each of the items labeled "Request for Admission" is a Request for Admission propounded pursuant to the provisions of Tex. R. Civ. P. 198.1.  Under said Rule, each such matter is admitted

without the necessity of a Court Order unless, within fifty (50) days, you serve a written Response

specifically denying the matter or setting forth in detail the reasons that you cannot truthfully admit

or deny the matter, or make a proper legal objection.  <u>You may not give lack of information or</u>

<u>knowledge as a reason for failure to admit or deny unless you state that you have made reasonable</u>

<u>inquiry and that information known or easily obtainable by you is insufficient to enable you to</u>

<u>admit or deny</u>.

### <u>REQUEST FOR ADMISSION NO. 1</u>

Admit to the judge and jury that on or about January 15, 2015, you were the driver of a vehicle in which David O'Donnell was a passenger in Dallas County, Texas.

#### <u>RESPONSE:</u>

### <u>REQUEST FOR ADMISSION NO. 2</u>

Admit to the judge and jury that on or about January 15, 2015, your vehicle, in which David O'Donnell was a passenger, was in a collision.

#### <u>RESPONSE:</u>

### <u>REQUEST FOR ADMISSION NO. 3</u>

Admit to the judge and jury that on or about January 15, 2015, David O'Donnell was injured when the vehicle you were driving collided with another vehicle.

#### <u>RESPONSE:</u>

### <u>REQUEST FOR ADMISSION NO. 4</u>

Admit to the judge and jury that on or about January 15, 2015, you failed to keep a proper lookout to avoid the collision in which David O'Donnell was injured.

#### <u>RESPONSE:</u>

### <u>REQUEST FOR ADMISSION NO. 5</u>

Admit to the judge and jury that on or about January 15, 2015, you failed to timely apply the brakes in order to avoid the collision in which David O'Donnell was injured.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 6**

Admit to the judge and jury that on or about January 15, 2015, you failed to make evasive actions in order to avoid the collision in which David O'Donnell was injured.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 7**

Admit to the judge and jury that at the time of the collision made the basis of this suit, your conduct constituted negligence as that term is understood in law.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 8**

Admit to the judge and jury that on or about January 15, 2015, David O'Donnell did not cause the accident in which he was injured.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 9**

Admit to the judge and jury that on or about January 15, 2015, David O'Donnell did not contribute to the accident in which he was injured.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 10**

Admit to the judge and jury that your negligence was a proximate cause of the injuries suffered by David O'Donnell on January 15, 2015.

**RESPONSE:**

**PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT MOFFETT**

TO: Defendant, Chadwick Samuel Moffett,

COMES NOW Plaintiff in the above-styled and numbered cause and serves the following Interrogatories under the provisions of Tex. R. Civ. P. 197, and Plaintiff requires that Answers to the same be filed no later than fifty (50) days after the date of service hereof.

Each of the items labeled "Interrogatory" is an Interrogatory propounded pursuant to the provisions of Tex. R. Civ. P. 197, and Plaintiff requires that the Defendant submit answers to the same in writing and under oath within the time required.

**INTERROGATORY NO. 1:** State your full name, current address, home and business phone number, date of birth, place of birth (city and state), social security number, and Texas drivers' license number, if any.

    **ANSWER:**

**INTERROGATORY NO. 2:** State whether or not you were acting within the course and scope of any agency, employment or service at the time of the collision, and describe the type of relationship of the persons involved.

    **ANSWER:**

**INTERROGATORY NO. 3:**
State the full name, current address, home and business phone number of each trial witness.

    **ANSWER:**

**INTERROGATORY NO. 4:** Has Defendant ever been a party to any other lawsuit arising in whole or in part out of a motor vehicle accident? If so, for each such lawsuit, state the place (city, county, and state) of filing of the lawsuit, the style of the lawsuit, the date of filing of the lawsuit, the cause number of the lawsuit, the court (J.P., county or district) in which filed, and the nature of the lawsuit.

    **ANSWER:**

**INTERROGATORY NO. 5:** Has Defendant been involved in any motor vehicle accidents prior to the one made the basis of this lawsuit? If so, state the date and location of each accident, whether or not you received a ticket in each accident, and the disposition of any tickets that you received.

    **ANSWER:**

**INTERROGATORY NO. 6:**  Prior to the occurrence, had you ever had your motor vehicle operator's license revoked, suspended, or withdrawn by any licensing authority?  If so, please identify the date, state licensing authority and action taken, and reason for such revocation or suspension.

      **ANSWER:**

**INTERROGATORY NO. 7:**  Please list all citations for traffic violations received within the last ten (10) years.

      **ANSWER:**

**INTERROGATORY NO. 8:**  Please state whether you have ever been charged, convicted of, or pleaded guilty to any crime, felony or misdemeanor, describing the nature and extent of such charge or charges, the exact time such charges were made, and if applicable, the court, cause number and date when a judgment of conviction was entered against you, stating whether you were presently on probation in.

      **ANSWER:**

**INTERROGATORY NO. 9:**  Do you or your attorneys intend to use any criminal records for impeachment purposes at the trial of this cause?  If so, please identify the party against whom you intend to offer the impeachment evidence, the charge, date of conviction, county or state of said conviction, and cause number with the style of the case.

      **ANSWER:**

**INTERROGATORY NO. 10:**  Describe in detail how the accident occurred, giving events in the order in which they took place.  As part of the description, state on what street(s) the Defendant Juan Pablo Zavala Diaz and you and the Plaintiff were traveling, the direction(s) in which the Defendant Zavala Diaz and you were headed, Mr. Zavala Diaz's speed at the time of impact, your speed at the time of impact, the weather conditions, where you were headed and where you had come from, and the time of day of the accident.  Also, state everywhere you traveled on the date of the incident.

      **ANSWER:**

**INTERROGATORY NO. 11:**  Was your vehicle involved in this accident damaged in the accident? If so, state each part of the vehicle that was damaged, state the cost of repairs to the vehicle as a result of the accident, and state the name and address of each person or entity that performed repairs to the vehicle as a result of the accident.  If the vehicle was not repaired, state the amount of each estimate or appraisal of damage to the vehicle as a result of the accident and the name and address of each person or entity who appraised the vehicle following the accident.

      **ANSWER:**

**INTERROGATORY NO. 12:** If you allege that Plaintiff was negligent in regard to the accident made the basis of this suit, please list each and every way in which Plaintiff is alleged to be negligent and detail all facts which you allege support each such allegation.

> **ANSWER:**

**INTERROGATORY NO. 13:** Did you own the vehicle you were driving? If not, please state the full name, current (or last known) address, and phone number of each person or entity that owned the vehicle driven by you on the date of the accident.

> **ANSWER:**

**INTERROGATORY NO. 14:** State the full name, current (or last known) address, and phone number of each person who has possession, custody or control of any photographs, movie films or videotapes that depict the scene of the accident (whether made at any time before or after the accident), the vehicles involved in the accident, the Plaintiff, or that depicts anything which is relevant to this lawsuit.

> **ANSWER:**

**INTERROGATORY NO. 15:** Subsequent to the investigation at the scene, have you made a report or complaint to or had conversations with any governmental department and/or police department concerning the accident and/or any citation which you received in connection with this accident? If so, as to each, please state:

> a.) The date made, to whom, and the purpose therefore;
> b.) The name, address, telephone number and job title or capacity of each person assisting you in making such report or complaint, and
> c.) All action taken by you or by the governmental department and/or police department with regard to said report, complaint or conversations.

> **ANSWER:**

**INTERROGATORY NO. 16:** Do you intend to challenge the reputation, character and/or qualification of any of plaintiff's treating physicians? If so, state the complete factual basis for such contention.

> **ANSWER:**

**INTERROGATORY NO. 17:** Did you own or possess a mobile or cellular phone at the time of the accident? If so, please state the following:

> a.) the make(s) and model(s) of telephone(s);
> b.) the telephone number(s);
> c.) the name under which the telephone(s) is registered; and
> d.) the name of the service provider or entity that prepares the bill for such

telephone(s).

**ANSWER:**

**INTERROGATORY NO. 18:**  Identify all drugs, if any, specifically including (but not limited to) prescription medications and alcoholic beverages that you consumed within the twenty-four period immediately preceding the incident in question, describing the name and nature of such drugs, the quantity consumed and the approximate time of consumption.

**ANSWER:**

**INTERROGATORY NO. 19:**  Please set forth in detail the date, location and contents of each and every conversation or communication between you and Plaintiff, or agents, employees or family members of Plaintiff regarding this accident or Plaintiff's injuries and treatment.

**ANSWER:**

**INTERROGATORY NO. 20:**  As to each expert used for consultation and who is not expected to be called as an expert witness at trial, but whose opinions or impressions have been reviewed by any testifying expert, please state such consulting expert's name, address, telephone number, mental impressions and opinions, and facts known to each such expert which relate to or form the basis of the mental impression or opinion held by such expert.

**ANSWER:**

**INTERROGATORY NO. 21:**  As to each expert who will not be called to testify as an expert and whose opinions or impressions have been reviewed by a testifying expert, provide the following information:
      a.) Identify (name and address) each;
      b.) State each's area of expertise;
      c.) State what opinions or impressions have been reviewed by a testifying expert.

**ANSWER:**

**INTERROGATORY NO. 22:**  State the names, etc., of any and all persons believed or understood by Defendant to have any information concerning:
      a.) Any pre-existing disabilities, injuries, ailments or illnesses of the Plaintiff;
      b.) Disabilities, ailments, illnesses or injuries of the Plaintiff suffered after the date of the accident set forth in Plaintiff's petition.

**ANSWER:**

**INTERROGATORY NO. 23:**  Do you contend the incident made basis of this suit was not a proximate cause of the injuries to Plaintiff?  If so, then state the exact basis for your

contention/opinion, specifically referencing the evidence in your possession to support your opinion/contention.

**ANSWER:**

**INTERROGATORY NO. 24:** Did you make any written or recorded statement to your insurance company or to any investigator from your insurance company regarding this accident?

**ANSWER:**


**PLAINTIFF'S FIRST REQUEST FOR PRODUCTION TO DEFENDANT MOFFETT**

TO: Defendant, Chadwick Samuel Moffett,

COMES NOW Plaintiff in the above-styled and numbered cause and serves the following

Requests for Production under the provisions of Tex. R. Civ. P. 196, and Plaintiff requires that

Responses to same be filed no later than fifty (50) days after the date of service hereof.

Each of the items below is a Request for Production propounded pursuant to the provisions

of Tex. R. Civ. P. 196 and Plaintiff requires that the Defendant respond to each such request with

the time stated herein.   Plaintiff gives notice of intent to use any documents produced at trial or

any hearing herein.

**REQUEST NO. 1:** A copy of each and every photograph, film, videotape, slide, drawing, model, diagram, or other visual display in the possession, custody or control of Defendant, which allegedly depicts or portrays the scene of the accident made the basis of this lawsuit, the vehicles involved in the accident made the basis of this lawsuit, the Plaintiff, and/or which is in any way relevant to the accident in question or this lawsuit.

**RESPONSE:**

**REQUEST NO. 2:** A copy of the front and back of your vehicle Operators Licenses and social security cards or other government-issued identification card.

**RESPONSE:**

**REQUEST NO. 3:** Copies of all deposition testimony given by any experts who may be called to testify on behalf of the Defendant in the past ten (10) years.

**RESPONSE:**

**REQUEST NO. 4:**  Copies of any documents reflecting lawsuits in which any expert who may be called to testify at trial has been a party in the past ten (10) years.

    **RESPONSE:**

**REQUEST NO. 5:**  Copies of any and all medical records relating to Plaintiff which have not previously been provided to the Defendant by Plaintiff (or his counsel) and which are in the possession, control or custody of Defendant or his agents, representatives or attorneys.  This request includes all documents obtained through deposition on written questions pursuant to Rule 206(2).

    **RESPONSE:**

**REQUEST NO. 6:**  Copies of any and all documents relating to Plaintiff's past, present or future employment or claim for lost wages or loss of wage earning capacity which have not previously been provided to the Defendant by Plaintiff (or his counsel) and which are in the possession, control or custody of Defendant or his agents, representatives or attorneys.

    **RESPONSE:**

**REQUEST NO. 7:**  Any and all reports, correspondence, notes or other documents in your possession, control or custody which relate to any citation or criminal charges you received in connection with the accident made the basis of this lawsuit.

    **RESPONSE:**

**REQUEST NO. 8:**  Any and all documents reflecting criminal conviction you intend to use against any person for impeachment purposes at the time of trial of this cause.

    **RESPONSE:**

**REQUEST NO. 9:**  A detailed drawing of where and how the accident took place, including direction you were traveling, number of lanes in the street, other cars in the area, and a sketch indicating what part of your vehicle and Defendant Juan Pablo Zavala Diaz and Avis Budget Car Rental, LLC's rental vehicle were damaged.

    **RESPONSE:**

**REQUEST NO. 10:** Any diaries, calendars, notes, records or other documents made, maintained or kept by you pertaining to any incident, communication or thoughts regarding the occurrences on which this suit is based, or plaintiff, other than correspondence or communications between you and your attorneys or documents prepared exclusively for use by your attorneys.

**RESPONSE:**

**REQUEST NO. 11:** Any court documents, such as pleadings and judgments, pertaining to or reflecting any criminal or civil action, other than this one, in which you have ever been involved as a party.

**RESPONSE:**

**REQUEST NO. 12:** All correspondence, notes, memoranda, recordings or other documents evidencing or reflecting any communication, conversation, transaction or dealing between Plaintiff and yourself (either party's agents, servants, family members or employees).

**RESPONSE:**

**REQUEST NO. 13:** All photographs, slides, videotapes, video recordings, films or other visual or electronic recordings made in connection with or relating to any of the following:
        a.) the occurrences made the basis of this suit;
      b.)     the injuries or conditions of Plaintiff;
      c.)     the care or conduct of any Defendant; and
      d.)     that you plan to use at trial, whether as evidence or demonstrative.

**RESPONSE:**

**REQUEST NO. 14:** All documents, including but not limited to settlement agreements, releases, checks, drafts, contracts, and other written materials reflecting or pertaining to the terms, conditions and payment of any agreement, settlement or release made by you with any other person or entity relating to the occurrences, injuries or damages which are the subject of this suit.

**RESPONSE:**

**REQUEST NO. 15:** Any and all charts, models, blow-ups, pictures, illustrations, diagrams or other documents or tangible things which you intend to use as a demonstrative exhibit or aid at the trial of this cause.

**RESPONSE:**

**REQUEST NO. 16:** Any and all documents referred to or otherwise used by you to refresh your memory about the matters made the subject of this suit.

**RESPONSE:**

**REQUEST NO. 17:** All documents you intend to use to impeach any witness.

**RESPONSE:**

**REQUEST NO. 18:** All deposition or trial transcripts of Plaintiff or any party or witness in your possession.

**RESPONSE:**

**REQUEST NO. 19:** All reports, notes, memoranda, correspondence, charts, diagrams, photographs, videotapes, exhibits, slides, x-rays, models, compilations of data, and any other documents, materials or tangible things prepared by or for any expert witness (including consulting experts whose opinions have been reviewed by any testifying expert).

**RESPONSE:**

**REQUEST NO. 20:** All documents reviewed by any expert witness or furnished to any expert witness for his or her review in connection with this case (including consulting experts whose opinions have been reviewed by any testifying expert).

**RESPONSE:**

**REQUEST NO. 21:** All documents and tangible things containing the mental impressions and opinions of any expert (including any consulting expert whose opinions or impressions have been reviewed by the expert witness.)

**RESPONSE:**

**REQUEST NO. 22:** All correspondence and other documents reflecting any and all communications between any expert witness and Defendant, attorney for Defendant, or any of Defendant's representatives, and any other person relating to the involvement or work of the expert witness in this case (including consulting experts whose opinions have been reviewed by any testifying expert).

**RESPONSE:**

**REQUEST NO. 23:** All articles, texts, treatises, or other publications used, consulted, or relied on by any expert witness in connection with his or her work in this case (including consulting experts whose opinions have been reviewed by any testifying expert).

**RESPONSE:**

**REQUEST NO. 24:** The entire file of any expert witness on this case (including consulting experts whose opinions have been reviewed by any testifying expert).

**RESPONSE:**

**REQUEST NO. 25:** A copy of any expert witness's current curriculum vitae, including a list of all publications authored in whole or in part by the expert (including consulting experts whose opinions have been reviewed by any testifying expert).

**RESPONSE:**

**REQUEST NO. 26:** Copies of any articles, texts, treatises or other publications authored in whole or in part by any expert witness which relate to or bear on the issues involved in this case (including consulting experts whose opinions have been reviewed by any testifying expert).

**RESPONSE:**

**REQUEST NO. 27:** Copies of any articles, texts, treatises or other publications provided or referred by any expert witness to Plaintiff (including consulting experts whose opinions have been reviewed by any testifying expert).

**RESPONSE:**

**REQUEST NO. 28:** All depositions or transcripts of trial testimony previously given by any expert witness (including consulting experts whose opinions have been reviewed by any testifying expert).

**RESPONSE:**

**REQUEST NO. 29:** All contracts, agreements, correspondence and other documents pertaining to or reflecting any involvement, employment, listing, membership, affiliation, understanding or agreement of any expert witness with any expert witness referral service, listing service, directory, or any person or entity involved in locating or referring expert witnesses or consultants for legal matters (including consulting experts whose opinions have been reviewed by any testifying expert).

**RESPONSE:**

**REQUEST NO. 30:** All advertisements, brochures, circulars, or other documents used by or on behalf of any expert witness to advertise, promote, publicize or describe the availability of his/her services in the past ten years (including consulting experts whose opinions have been reviewed by any testifying expert).

**RESPONSE:**

**REQUEST NO. 31:** All documents reflecting the amount of time spent by any expert witness in connection with this case (including consulting experts whose opinions have been reviewed by any testifying expert).

**RESPONSE:**

**REQUEST NO. 32:** All documents reflecting or pertaining to charges or billings for the services of any expert witness in connection with this case (including consulting experts whose opinions have been reviewed by any testifying expert).

**RESPONSE:**

**REQUEST NO. 33:** Copies of any articles, texts, treatises or other publications established, or to be established, as a reliable authority by the testimony of any expert witness (including consulting experts whose opinions have been reviewed by any testifying expert).

**RESPONSE:**

**REQUEST NO. 34:** Copies of any articles, texts, treatises or other publications on which any expert witness has been or will be asked to express an opinion concerning authority, reliability or agreement with any statement in the work (including consulting experts whose opinions have been reviewed by any testifying expert).

**RESPONSE:**

**REQUEST NO. 35:** All settlement agreements, documents regarding any promise of intent to settle, or any promise or agreement not to sue between you and any person, firm, corporation or entity not a party to this suit.

**RESPONSE:**

**REQUEST NO. 36:** Photographs or physical objects which you or your representatives have preserved which relate to this occurrence or the damages being claimed.

**RESPONSE:**

**REQUEST NO. 37:** The reports of any medical expert witnesses or expert witnesses of any character that may be called to testify in this case.

**RESPONSE:**

**REQUEST NO. 38:** All documents and tangible things, including all tangible reports, physical models, compilations of data and other material prepared by any medical expert witnesses or expert witnesses of any character that may be called to testify in this case.

**RESPONSE:**

**REQUEST NO. 39:** All documents and tangible things, including all tangible reports, physical models, compilations of data and other material prepared by an expert used for consultation which forms the basis, either in whole or in part, of the opinions of any expert who may be called to testify in this case.

**RESPONSE:**

**REQUEST NO. 40:** Any document in your possession with Plaintiff's name on it that was obtained by any third party in connection with the prosecution and/or defense of this claim. Plaintiff understands that these documents will continue to be obtained by you through the course of discovery, but demand that they be IMMEDIATELY SUPPLEMENTED as they are obtained. **IN NO EVENT WILL PLAINTIFF ALLOW CROSS EXAMINATION OF ANY WITNESS IN DISCOVERY ON DOCUMENTS OBTAINED BY YOU AND NOT PRODUCED PURSUANT TO THIS REQUEST.** Examples include but are not limited to the following:

a.) Medical Records obtained pursuant to a release signed by Plaintiff;

b.) Medical Records of the Plaintiff obtained by subpoena or deposition notices, even if Plaintiff received a copy of the notice and chose not to order a copy of depositions on written questions;

c.) Medical Records of the Plaintiff obtained from another source, including the Plaintiff's lawyer or prior lawyer;

d.) Investigative material relating to any claim Plaintiff may have made prior to the accident in question, including any information on Plaintiff from any national data bank or repository of claims history, and any information obtained directly from other insurance companies related to the Plaintiff;

e.) Information related to the Plaintiff found on the internet;

f.) Records of any kind relating to Plaintiff's criminal history;

g.) Documents received from any third party auditor or claim service purporting to value Plaintiff's medical bills, or evaluate the reasonableness and necessity of such claims;

h.) Any subrogation or lien notices;

i.) In automobile accidents or any other arbitral claim, the ENTIRE FILE submitted to any arbitration proceeding, including documents from any opposing party and/or any arbitration orders or awards;

j.) Any document with Plaintiff's signature or signatures on it, or words on it attributed to Plaintiff, including any purported statements that were paraphrased by any insurance adjuster and appear in your file, and any purported release of information signed by any person related to this claim.

**RESPONSE:**

**REQUEST NO. 41:**  A privilege log of any withheld documents.

      **RESPONSE:**

**REQUEST NO. 42:**  Audio files and transcriptions of any recorded statements made by you to your insurance company or its investigators and representatives regarding the accident in question.

      **RESPONSE:**

X.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to appear and answer and that upon final hearing, Plaintiff recover judgment against the Defendants for his actual damages as they may appear at trial hereof, together with prejudgment and post-judgment interest, costs of court, and such other relief to which Plaintiff may be justly entitled, including post-judgment writs of garnishment, turnover orders or other equitable relief.

      Respectfully submitted,

      */s/ J. Scott Perry*
      J. Scott Perry
      State Bar No. 15802500
      sperry@englishpllc.com
      Jay C. English
      State Bar No. 06625290
      jenglish@englishpllc.com
      English Law Group, P.L.L.C.
      7616 LBJ Freeway, Suite 500
      Dallas, TX 75251