# United States District Court
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| DAVID O'DONNELL | § § § | |
| v. | § § | CASE NO. 3:17-CV-1922-S |
| JUAN PABLO ZAVALA DIAZ, et al. | § § § § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Avis Rent A Car System, LLC's ("Avis") Fed. R. Civ. P. 12(b)(6) Motion to Dismiss [ECF No. 32] and Defendant PV Holding Corp.'s ("PV Holding") Fed. R. Civ. P. 12(b)(6) Motion to Dismiss [ECF No. 34] (collectively, the "Motions"). For the following reasons, the Court grants the Motions.

### I. BACKGROUND

Pursuant to Special Order 3-318, this case was transferred from the docket of Judge Sam A. Lindsay to the docket of this Court on March 8, 2018.

This lawsuit arises out of an automobile accident involving Defendant Juan Pablo Zavala Diaz ("Zavala Diaz") and Samuel Moffett ("Moffett"). First Am. Compl. ("Compl.") 2. Plaintiff David O'Donnell ("O'Donnell") was a passenger in a car driven by Moffett when the accident occurred. *Id.* at 3. Zavala Diaz was driving a rental vehicle leased to him by an Avis entity. *Id.* at 2. PV Holding owned the rental vehicle. Def. PV Holding's Mot. to Dismiss 2.

On November 7, 2016, O'Donnell filed suit in the 298th District Court, Dallas County. At that time, the named defendants were Zavala Diaz, Moffett, AvisBudget Car Rental, LLC, and

John Doe. *See* Notice of Removal 1. Defendant AvisBudget Car Rental, LLC, removed the case to this Court on the basis of diversity jurisdiction on July 19, 2017.

O'Donnell named Avis and PV Holding as defendants for the first time in his First Amended Complaint, which he filed on November 1, 2017. In the Motions, Avis and PV Holding make identical arguments as to why O'Donnell's claims against them should be dismissed: (1) the statute of limitations has expired; (2) Zavala Diaz maintained a valid driver's license at the time of the accident; and (3) Texas law does not recognize a single business enterprise theory of liability.

## II. LEGAL STANDARD

### A. *Statute of Limitations*

The affirmative defense of statute of limitations may be asserted in a Rule 12(b)(6) motion to dismiss. *Songbyrd, Inc. v. Bearsville Records, Inc.*, 104 F.3d 773, 775 n.3 (5th Cir. 1997). However, "dismissal should not be granted unless the defense is established by the face of the complaint." *Janvey v. Suarez*, 978 F. Supp. 2d 685, 702 (N.D. Tex. 2013) (quoting *Lexxus Int'l, Inc. v. Loghry*, 512 F. Supp. 2d 647, 669 (N.D. Tex. 2007)).

A federal court sitting in diversity applies the forum state's statute of limitations and tolling rules. *Vaught v. Showa Denko K.K.*, 107 F.3d 1137, 1145 (5th Cir. 1997) (citing *Walker v. Armco Steel Corp.*, 446 U.S. 740, 750-53 (1980)). In Texas, the statute of limitations for personal injury claims is two years. TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a); *see also Howard v. Fiesta Tex. Show Park, Inc.*, 980 S.W.2d 716, 719 (Tex. App.—San Antonio 1998, pet. denied) ("Claims for negligence . . . resulting in personal injury must be filed within two years of the time of their accrual."). "In a personal injury case, a cause of action accrues when the wrongful act causes the injury." *Howard*, 980 S.W.2d at 720.

### B. *Rule 12(b)(6)*

To defeat a motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008). To meet this "facial plausibility" standard, a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plausibility does not require probability, but a plaintiff must establish "more than a sheer possibility that a defendant has acted unlawfully." *Id.* The court must accept well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mut. Auto. Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007). However, the court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007). A plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (internal citations omitted).

The ultimate question is whether the complaint states a valid claim when viewed in the light most favorable to the plaintiff. *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002). At the motion to dismiss stage, the court does not evaluate the plaintiff's likelihood of success. It only determines whether the plaintiff has stated a claim upon which relief can be granted. *Mann v. Adams Realty Co.*, 556 F.2d 288, 293 (5th Cir. 1977).

### III. ANALYSIS

#### A. *Statute of Limitations*

As noted above, O'Donnell's negligent entrustment claim is subject to Texas's two-year statute of limitations for personal injury claims. TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a). O'Donnell's claim accrued on January 15, 2015, the date of the automobile accident causing his injuries. Thus, the limitations period expired on January 16, 2017, two years after the date of the accident. O'Donnell did not file an amended complaint naming Avis and PV Holding as defendants until November 1, 2017.

When a complaint is untimely filed, the Federal Rules of Civil Procedure allow for relation back in certain instances. Under Rule 15(c)(1)(A), an amendment relates back when "the law that provides the applicable statute of limitations allows relation back." Section 16.003 is silent on the issue of relation back. TEX. CIV. PRAC. & REM. CODE ANN. § 16.003; *see also Balle v. Nueces Cty.*, 690 F. App'x 847, 850 (5th Cir. 2017). Thus, the Fifth Circuit recently concluded that "the Texas law providing the applicable limitations period [for personal injury suits] does not allow relation back within the meaning of Rule 15(c)(1)(A)." *Balle*, 690 F. App'x at 850.

Rule 15(c)(1)(C) allows for relation back when "the amendment changes the party or the naming of the party against whom a claim is asserted." FED. R. CIV. P. 15(c)(1)(C). This rule "is meant to allow an amendment changing the name of a party to relate back . . . only if the change is the result of an error." *Jacobsen v. Osborne*, 133 F.3d 315, 320 (5th Cir. 1998) (quoting *Barrow v. Wethersfield Police Dep't*, 66 F.3d 466, 469 (2d Cir. 1995), *modified by* 74 F.3d 1366 (2d Cir. 1996)). Here, O'Donnell added parties that he did not attempt to name in the original complaint. Thus, Rule 15(c)(1)(C) does not apply.

4

Because the relation back provisions contained in Rule 15(c) do not apply, O'Donnell's amendment does not relate back to the filing of his original complaint. Further, "the pleadings fail to raise some basis for tolling," and O'Donnell did not file a response asserting any such basis. *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003). Thus, O'Donnell's claims against Avis and PV Holding are untimely and must be dismissed.

### B. *Negligent Entrustment*

To sustain a claim for negligent entrustment, a plaintiff must plead:

> (1) entrustment of a vehicle by the owner; (2) to an unlicensed, incompetent, or reckless driver; (3) that the owner knew or should have known to be unlicensed, incompetent, or reckless; (4) that the driver was negligent on the occasion in question; and (5) that the driver's negligence proximately caused the accident.

*Williams v. Parker*, 472 S.W.3d 467, 472 (Tex. App.—Waco 2015, no pet.). "The possession of a valid, unrestricted driver's license is evidence of a driver's competency absent any evidence to the contrary." *Id.* at 473 (emphasis omitted).

According to the police report attached to the Motions, Zavala Diaz was a licensed driver. *See* Def. Avis's App. 3. Thus, Avis and PV Holding could not have known that he was unlicensed. The report does not indicate whether Zavala Diaz's license was valid, but O'Donnell alleges only that Defendants "knew [Zavala Diaz] was an unlicensed . . . driver." Compl. 3. Because Defendants have provided evidence that Zavala Diaz was a licensed driver, and because O'Donnell failed to respond to this evidence, the Court is unable to conclude that Defendants knew Zavala Diaz was unlicensed. Further, O'Donnell alleges that Avis and PV Holdings knew Zavala Diaz was a reckless driver, but he does not provide a single fact to support this conclusion. The Court need not, and does not, accept such conclusory allegations as true. *See Ferrer*, 484 F.3d at 780. Because the Complaint does not contain sufficient allegations to support a cause of action for

negligent entrustment, the Court would grant the Motions even if the First Amended Complaint had been timely filed.

### C. *Single Business Enterprise*

O'Donnell also seeks to impose liability on Avis and PV Holding pursuant to a single business enterprise theory. The Texas Supreme Court has rejected this cause of action. *SSP Partners v. Gladstrong Invs. (USA) Corp.*, 275 S.W.3d 444, 452 (Tex. 2008) ("We have never approved of imposing joint liability on separate entities merely because they were part of a single business enterprise."). Thus, the Court dismisses the single business enterprise cause of action.

Alternatively, O'Donnell seeks to impose liability on Avis and PV Holding as "alter ego[s] of one or more of the other[] [corporate defendants] whose purpose is to engage in a vast car rental empire without providing adequate capitalization or insurance for same." Compl. 3. Unlike the single enterprise theory, alter ego is a recognized method of piercing the corporate veil under Texas law. *See Perez v. Pan Am. Life Ins. Co.*, 70 F.3d 1268, 1995 WL 696803, at *2 (5th Cir. 1995) (per curiam). "Only in exceptional circumstances should a court disregard the corporate identity, and then only to prevent an inequitable result." *Id.* (citing *Torregrossa v. Szelc*, 603 S.W.2d 803, 804 (Tex. 1980)). The Complaint contains insufficient evidence that such exceptional circumstances are present in this case, and O'Donnell did not respond to the Motions with arguments on this point. For these reasons, the Court finds no plausible basis for piercing the corporate veil pursuant to an alter ego theory.

### IV. CONCLUSION

For the foregoing reasons, the Court grants Avis's and PV Holding's Motions. The Court denies leave to amend because any future claims asserted against Avis or PV Holding would be barred by limitations. Thus, amendment would be futile. *See Ballard v. Devon Energy Prod. Co.*,

6

678 F.3d 360, 364 (5th Cir. 2012) ("Denial of leave to amend may be warranted for . . . futility of a proposed amendment." (citation omitted)).

**SO ORDERED.**
SIGNED August 9, 2018

_____
**KAREN GREN SCHOLER
UNITED STATES DISTRICT JUDGE**