IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DAVID O'DONNELL, | § | |
|    PLAINTIFF, | § | |
| | § | |
| V. | § | CASE NO. 3:17-CV-1922-S (BK) |
| | § | |
| JUAN PABLO ZAVALA DIAZ, | § | |
| AVIS BUDGET CAR RENTAL, LLC, | § | |
| AVIS RENT A CAR SYSTEM, LLC, | § | |
| AND PV HOLDING CORP., | § | |
|    DEFENDANTS. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Pursuant to District Judge Karen Gren Scholer's Order of Reference, Doc. 50, and 28 U.S.C. § 636(b), Plaintiff David O'Donnell's *Plaintiff's Request for Entry of Default Judgment* against Defendant Juan Pablo Zavala Diaz, Doc. 43, has been referred to the United States magistrate Judge for findings and a recommended disposition. For the reasons that follow, Plaintiff's motion should be **DENIED**.

**I. BACKGROUND**

On November 7, 2016, Plaintiff sued Defendants (and others who have since been dismissed as defendants in this suit) in Dallas County District Court for damages Plaintiff suffered as the result of a car accident allegedly caused by Defendant Diaz on January 15, 2015. Doc. 1-5 at 2-3. Defendant removed the case to this Court on July 19, 2017, asserting diversity jurisdiction. Doc. 1 at 1, 5-7.

On November 14, 2016, pursuant to Texas Civil Practice and Remedies Code Section 17.062, Plaintiff served notice on Defendant Diaz through the Chairman of the Texas Highway

and Public Transportation Commission, Doc. 1-52 at 5, who three days later served notice via registered mail to Defendant Diaz's address in Spain.  Doc. 1-18;  *see also* TEX. CIV. PRAC. & REM. CODE ANN. § 17.062 (stating that the Chair of the Texas Transportation Commission is the agent for service of process on a person who is a nonresident of Texas in any suit against a person involved in an accident that occurred while operating a motor vehicle on a public highway or street in the state).  However, the correspondence was returned undelivered.  Doc. 1-52 at 3.  Plaintiff subsequently attempted to serve Defendant Diaz by email on December 19, 2017.  Doc. 43 at 5-6.  After receiving no response from Defendant Diaz, Plaintiff filed the instant request for a default judgment on February 28, 2018.  Doc. 43.

## II. APPLICABLE LAW

The entry of default judgment is the culmination of three events: (1) default, which occurs when a defendant has failed to plead or otherwise respond to the complaint within the time required by Rule 12 of the Federal Rules of Civil Procedure; (2) entry of default by the clerk of court when such default is established by affidavit or otherwise; and (3) application by plaintiff to the court for a default judgment after the entry of default.  *N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996)(citing FED. R. CIV. P. 55(a)).  However, "[u]ntil the plaintiff serves the defendant, the defendant has no duty to answer the complaint and the plaintiff cannot obtain a default judgment."  *Rogers v. Hartford Life and Acc. Ins. Co.*, 167 F.3d 933, 937 (5th Cir. 1999) (citing *Broadcast Music, Inc. v. M.T.S. Enter., Inc.*, 811 F.2d 278, 282 (5th Cir.1987)) ("No person need defend an action nor suffer judgment against him unless he has been served with process and properly brought before the court.").

### III. ANALYSIS

Plaintiff contends he is entitled to a default judgment because he served Defendant Diaz via email, and Defendant Diaz did not respond within the 21-day limit provided by Federal Rule of Civil Procedure 12(a)(1)(A)(i). Doc. 43 at 2. Defendant Avis contends that Plaintiff's request for a default judgment should be denied, because, among other reasons, Plaintiff did not properly serve notice on Defendant Diaz in accordance with Rule 4 of the Federal Rules of Civil Procedure.[1] Doc. 44 at 2. Defendant Avis's position is well taken.

Plaintiff avers in his *Original Petition* that Defendant Diaz "is an individual who resides . . . [in] Barcelona, Spain." Doc. 1-5 at 1. As such, Defendant Diaz may be served with process outside of the United States "by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents." FED. R. CIV. P. 4(f)(1). Both the United States and Spain are parties to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents[2] ("Hague Convention"), and thus the procedures governing service in that treaty apply here.

Article 5 of the Hague Convention provides that "[t]he Central Authority of the State addressed shall itself serve the document or shall arrange to have it served by an appropriate agency." Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents, art. 5, Nov. 15, 1965, *available at* https://www.hcch.net/en/instruments/conventions/full-

---

[1] The Court need not address Plaintiff's failure to first request the Clerk to enter default, *see* FED. R. CIV. P. 55(a), because while such failure is independently fatal, Plaintiff is not entitled to the Clerk's entry of Defendant Diaz's default for the same reasons discussed here.

[2] A full list of the countries governed by the rules and standards in the Hague Convention can be found online at https://www.hcch.net/en/instruments/conventions/authorities1/?cid=17 (last visited Nov. 27, 2018).

text/?cid=17. Moreover, under Article 10 of the Hague Convention, "service by mail is permissible if two conditions are met: first, the receiving state has not objected to service by mail; and second, service by mail is authorized under otherwise-applicable law." *Water Splash, Inc. v. Menon*, --U.S.--, 137 S. Ct. 1504, 1513 (2017) (cited case omitted). Clearly, Plaintiff's service of Defendant Diaz by email does not meet the requirements of the Hague Convention.[3] Thus, it is insufficient.

Further, even if Plaintiff were to argue that notice under Rule 4(f)(1) and the Hague Convention do not apply, service to Defendant Diaz by email still would not be proper under Rule 4(l)(2)(B). Although Plaintiff has filed an affidavit averring that he sent notice to Defendant Diaz via email, he has offered no proof that the notice was successfully transmitted and received by Defendant Diaz.

## IV. CONCLUSION

Because there is no evidence that Defendant Diaz was properly served in this case, this Court lacks personal jurisdiction over him. Accordingly, *Plaintiff's Request for Entry of Default Judgment*, Doc. 43, should be **DENIED.**

**SO RECOMMENDED** on December 21, 2018.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[3] Even if the provisions of the Hague Convention were not applicable, the service by email is still insufficient since the Rules provide that service would otherwise have to be proven "by a receipt signed by the addressee, or by other evidence satisfying the court that the summons and complaint were delivered to the addressee." FED. R. CIV. P. 4(l)(2)(B). Nor has Plaintiff proffered any evidence that Defendant Diaz expressly consented to service via electronic means. *See* FED. R. CIV. P. 5(b)(2)(E).

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute,* 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).