# United States District Court
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DAVID O'DONNELL | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:17-cv-1922-S |
| | § | |
| JUAN PABLO ZAVALA DIAZ, et al. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Avis Budget Car Rental, LLC's ("Defendant") Motion to Dismiss [ECF No. 16] and Amended Motion for Summary Judgment [ECF No. 52]. The Court grants Defendant's Motion for Summary Judgment and denies as moot Defendant's Motion to Dismiss.

## I. BACKGROUND

Pursuant to Special Order 3-318, this case was transferred from the docket of Judge Sam A. Lindsay to the docket of this Court on March 8, 2018.

This lawsuit arises out of an automobile accident. First Am. Compl. 2. Plaintiff David O'Donnell ("Plaintiff") was a passenger in a car driven by Samuel Moffett at the time of the accident. *Id.* at 3. Defendant Juan Pablo Zavala Diaz was driving a rental vehicle leased to him by an Avis entity when he allegedly collided with Moffett's vehicle "at a high rate of speed." *Id.* at 2. Plaintiff sustained severe injuries as a result of the accident. *Id.*

Defendant filed its Amended Motion for Summary Judgment on August 14, 2018. Plaintiff's response was due on September 4, 2018, 21 days after Defendant filed its motion. *See* N.D. TEX. CIV. R. 7.1(e) ("A response and brief to an opposed motion must be filed within 21 days from the date the motion is filed."). Plaintiff did not file a motion requesting an extension of the

deadline to respond.[1] Although Plaintiff's failure to respond to the motion does not permit the Court to enter a "default" summary judgment, the Court may accept Defendant's facts as undisputed. *See Eversley v. MBank Dall.*, 843 F.2d 172, 174 (5th Cir. 1988); *Tutton v. Garland Indep. Sch. Dist.*, 733 F. Supp. 1113, 1117 (N.D. Tex. 1990). In addition, "[a] summary judgment nonmovant who does not respond to the motion is relegated to [his] unsworn pleadings, which do not constitute summary judgment evidence." *Bookman v. Shubzda*, 945 F. Supp. 999, 1002 (N.D. Tex. 1996) (citing *Solo Serve Corp. v. Westowne Assocs.*, 929 F.2d 160, 165 (5th Cir. 1991)).

## II. LEGAL STANDARD

The party moving for summary judgment has the burden to show that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). If the movant bears the burden of proof on a claim or defense on which it is moving for summary judgment, it must come forward with evidence that establishes "beyond peradventure all of the essential elements of the claim or defense." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). But if the nonmovant bears the burden of proof, the movant may discharge its burden by showing that there is an absence of evidence to support the nonmovant's claim. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's claim, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine dispute of material fact. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). In addition, the summary judgment nonmovants must produce evidence to establish the existence of each element of a claim or defense as to which they will bear the burden of proof. *See Dunn v. State Farm Fire & Cas. Co.*, 927 F.2d

---

[1] Plaintiff also did not respond to Defendant's Motion to Dismiss. However, because the Court grants Defendant's Amended Motion for Summary Judgment, the Court does not reach the merits of Defendant's Motion to Dismiss.

2

869, 872 (5th Cir. 1991). Summary judgment is mandatory where the nonmoving party fails to meet this burden. *See Little v. Liquid Air Corp.*, 37 F.3d 1069, 1076 (5th Cir. 1994) (en banc) (per curiam).

## III. ANALYSIS

### A. *Negligent Entrustment*

Under the Graves Amendment, "[a]n owner of a motor vehicle that rents or leases the vehicle to a person . . . shall not be liable under the law of any State . . . by reason of being the owner of the vehicle . . . for harm to persons or property that results or arises out of the use, operation, or possession of the vehicle." 49 U.S.C. § 30106(a). The Graves Amendment "preempt[s] state law in the area of vicarious liability for owners engaged in the business of renting or leasing motor vehicles[.]" *Cates v. Hertz Corp.*, 347 F. Appx. 2, 6 (5th Cir. 2009) (citing *Garcia v. Vanguard Car Rental USA, Inc.*, 540 F.3d 1242, 1253 (11th Cir. 2008)). However, the Graves Amendment contains a saving clause that allows an owner of a leased vehicle to be found directly liable for the owner's negligence or criminal wrongdoing. *See* 49 U.S.C. § 30106(a)(2). Defendant argues that, because "[n]egligent entrustment is 'a form of vicarious liability,'" the Graves Amendment preempts and prohibits a negligent entrustment cause of action. *Diamond H. Recognition LP v. King of Fans, Inc.*, 589 F. Supp. 2d 772, 775 (N.D. Tex. Oct. 28, 2008) (quoting *F.F.P. Operating Partners, L.P. v. Duenez*, 237 S.W.3d 680, 686 (Tex. 2007)).

Because the Fifth Circuit has not addressed this issue of whether negligent entrustment remains a viable cause of action in light of the Graves Amendment, the Court looks to persuasive precedent from other circuits. The Eighth Circuit appears to be the only circuit court to have addressed the issue. *See Carton v. Gen. Motor Acceptance Corp.*, 611 F.3d 451 (8th Cir. 2010). In that case, the Court agreed with the appellants that "the district court too narrowly interpreted

3

the term 'negligence' to find the Graves Amendment only permitted claims of 'negligent maintenance' against a vehicle's owner, and not claims of 'negligent entrustment.'" *Id.* at 457. Applying rules of statutory construction to the Graves Amendment, the *Carton* court found "no statutory basis for narrowing the definition of the broad term 'negligence' or giving it any definition other than its ordinary meaning." *Id.* at 458. Taking into consideration the Eight Circuit's decision in *Carton* and the absence of guidance from the Fifth Circuit, the Court will conduct its analysis as though the Graves Amendment does not preempt a negligent entrustment claim asserted directly against the lessor. Ultimately, the outcome in this case is the same regardless of whether the Graves Amendment preempts negligent entrustment claims because the Court finds that Defendant is entitled to summary judgment on the issue of negligent entrustment.

Under Texas law, the elements of a negligent entrustment claim are:

(1) entrustment of a vehicle by the owner; (2) to an unlicensed, incompetent, or reckless driver; (3) that the owner knew or should have known to be unlicensed, incompetent, or reckless; (4) that the driver was negligent on the occasion in question; and (5) that the driver's negligence proximately caused the accident.

*Williams v. Parker*, 472 S.W.3d 467, 472 (Tex. App.—Waco 2015, no pet.) (citing *Williams v. Steves Indus., Inc.*, 699 S.W.2d 570, 571 (Tex. 1985)). As to the first element, Defendant argues that it did not entrust the vehicle to Zavala Diaz because the rental agreement shows that Avis Rent a Car System, LLC, was the leasing entity. Def.'s App. 23-24. Although the rental agreement is not clear as to the identity of the leasing entity, the form is copyrighted by Avis Rent a Car System, LLC. *See id.* at 24.

As to the second and third elements, Defendant contends that both the rental agreement and police report show that Zavala Diaz was a licensed driver. *See id.* at 23 (rental agreement), 2-3 (police report). "The possession of a valid, unrestricted driver's license is evidence of a driver's competency absent any evidence to the contrary." *Williams*, 472 S.W.3d at 473 (emphasis

4

omitted). Because Defendant has provided evidence that Zavala Diaz was a licensed driver and because Plaintiff has not provided any evidence to the contrary, the Court is unable to conclude that Zavala Diaz was unlicensed, incompetent, or reckless. For the same reasons, there is no evidence that Defendant knew or should have known that Zavala Diaz was unlicensed, incompetent, or reckless.[2]

Based on the foregoing, the Court finds that Defendant has pointed to a lack of evidence supporting Plaintiff's negligent entrustment claim. Plaintiff has not come forward with competent summary judgment evidence of the existence of a genuine dispute of material fact. Therefore, the Court grants Defendant's summary judgment motion as to Plaintiff's negligent entrustment claim.

### B. *Single Business Enterprise and Alter Ego*

Plaintiff also seeks to impose liability on Defendant pursuant to a single business enterprise theory. The Texas Supreme Court has rejected this cause of action. *SSP Partners v. Gladstrong Invs. (USA) Corp.*, 275 S.W.3d 444, 452 (Tex. 2008) ("We have never approved of imposing joint liability on separate entities merely because they were part of a single business enterprise[.]"); *see also Clapper v. Am. Realty Inv'rs, Inc.*, Civ. A. No. 3:14-CV-2970-D, 2016 WL 302313, at *5-*7 (discussing *SSP Partners*). Thus, the Court dismisses the single business enterprise cause of action.

Alternatively, Plaintiff seeks to impose liability on Defendant as "an alter ego of one or more of the other[] [corporate defendants] whose purpose is to engage in a vast car rental empire without providing adequate capitalization or insurance for same." First Am. Compl. 3. Unlike the single enterprise theory, alter ego is a recognized method of piercing the corporate veil under Texas law. *See Perez v. Pan Am. Life Ins. Co.*, 70 F.3d 1268, 1995 WL 696803, at *2 (5th Cir. 1995)

---

[2] Plaintiff alleges in the First Amended Complaint that Defendant knew Zavala Diaz was a reckless driver, but he does not provide any evidence to support this conclusion. *See* First Am. Compl. 3.

5

(per curiam). "Only in exceptional circumstances should a court disregard the corporate identity, and then only to prevent an inequitable result." *Id.* (citing *Torregrossa v. Szelc*, 603 S.W.2d 803, 804 (Tex. 1980)). The First Amended Complaint contains insufficient evidence that such exceptional circumstances are present in this case, and Plaintiff did not respond to the summary judgment motion with evidence on this point. Therefore, the Court finds no plausible basis for piercing the corporate veil pursuant to an alter ego theory.

## IV. CONCLUSION

For the reasons stated above, Defendant's Motion for Summary Judgment is granted. In light of this ruling, Defendant's Motion to Dismiss is denied as moot.

**SO ORDERED.**

SIGNED March _11_, 2019.

**KAREN GREN SCHOLER**
**UNITED STATES DISTRICT JUDGE**