IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DAVID O'DONNELL, § | | |
|     PLAINTIFF, § | | |
| § | | |
| V. § | CASE NO. 3:17-CV-1922-S (BK) | |
| § | | |
| JUAN PABLO ZAVALA DIAZ, § | | |
| AVIS BUDGET CAR RENTAL, LLC, § | | |
| AVIS RENT A CAR SYSTEM, LLC, § | | |
| AND PV HOLDING CORP., § | | |
|     DEFENDANTS. § | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the undersigned United States magistrate judge for pretrial management. Doc. 80. Before the Court is Plaintiff's second *Motion for Default Judgment*.[1] Doc. 85. For the reasons that follow, the motion should be **GRANTED**.

## I.   BACKGROUND AND PROCEDURAL HISTORY

In November 2016, Plaintiff sued Defendant Juan Pablo Zavala Diaz ("Diaz") (and others who have been dismissed as defendants in this suit) in state court for damages he suffered during a car accident in January 2015. Doc. 1-5 at 1-3. The case was removed to this Court in July 2017. Doc. 1 at 1.

---

[1] Plaintiff's first *Motion for Default Judgement*, Doc. 43, was denied because Plaintiff had failed to serve Diaz in accordance with the Hague Convention. Doc. 65 at 3-4; Doc. 69. Subsequently, Plaintiff's *Motion for Substituted Service*, Doc. 71, was granted, and Plaintiff now avers that Diaz was properly served on June 19, 2019. Doc. 85 at 1-2.

## II. APPLICABLE LAW

The conditions upon which default may be entered against a party, as well as the procedure to seek the entry of default judgment, are found in Rule 55 of the Federal Rules of Civil Procedure. The entry of default judgment is the culmination of three events: (1) default, which occurs when a defendant has failed to plead or otherwise respond to the complaint within the time required by Rule 12 of the Federal Rules of Civil Procedure; (2) entry of default by the clerk of court when such default is established by affidavit or otherwise; and (3) application by plaintiff to the clerk for a default judgment after the entry of default. FED. R. CIV. P. 55(a); *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996).

Standing alone, however, a defendant's default does not entitle a plaintiff to a default judgment. *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (per curiam); *Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). The decision to grant a default judgment is one soundly within the district court's discretion. *Lewis*, 236 F. 3d at 767. "[D]efault judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Id.* (quoting *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989)). Moreover, there must be a sufficient basis in the pleadings for a court to enter judgment by default. *Nishimatsu*, 515 F.2d at 1206. In defaulting, the defendants are deemed to have admitted the well-pleaded allegations of the plaintiff's complaint and are precluded from contesting the established facts. *Id.* (citations omitted).

## III. ARGUMENTS AND ANALYSIS

Plaintiff contends that the facts alleged in the complaint support a negligence claim against Diaz. Doc. 85 at 4. Plaintiff also requests entry of a $2,000,000.00 damages award based on Plaintiff's physical and psychological injuries, medical costs, past lost wages, and past pain, suffering, and mental anguish. Doc. 85 at 6-11.

### A. Default Judgment

Upon review, the well-pled allegations of Plaintiff's complaint establish that Plaintiff was injured due to Diaz's negligence as: (1) Diaz owed Plaintiff a duty of care to operate his vehicle safely; (2) Diaz breached that duty by failing to yield the right of way and smashing into Plaintiff's vehicle; and (3) Diaz's breach proximately caused Plaintiff's injuries. Doc. 85 at 4-5; *see Nabors Drilling, U.S.A., Inc. v. Escoto*, 288 S.W.3d 401, 404 (Tex. 2009) (holding that negligence actions in Texas require allegations of "a legal duty owed by one person to another, a breach of that duty, and damages proximately caused by the breach"). Accordingly, Plaintiff's well-pleaded allegations support the negligence claim against Diaz.

### B. Damages

Next, the Court determines the issue of damages. In the context of a default judgment, damages may be determined without a hearing if "the amount claimed is a liquidated sum or one capable of mathematical calculation." *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979) (citations omitted). That is, a hearing is not necessary where the amount of damages can be determined with certainty, by reference to the pleadings and supporting documents, and a hearing would not be beneficial or necessary. *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993). While unliquidated damages are normally not awarded without an evidentiary hearing, Rule 55(b) "does not mandate an evidentiary hearing but, rather, gives the judge wide latitude in determining whether such a hearing will be beneficial." *Id.* at 310-11.

In this case, Plaintiff's liquidated and unliquidated damages are capable of mathematical calculation based on Plaintiff's supporting documents. Thus, the Court concludes that no evidentiary hearing is necessary. Plaintiff has provided affidavits, medical records, and expert opinion, Doc. 85 at 2-3, 10, to support a $65,924.60 award for past reasonable and necessary medical charges, a $264,747.39 award for present value of future reasonable and necessary

3

medical charges, a $66,000.000 award for past lost wages, and a $1,603,328.10 award for pain, suffering, and mental anguish—totaling $2,000,000 in damages. Doc. 85 at 11. *See Leedo Cabinetry v. James Sales & Distribution, Inc.,* 157 F.3d 410, 414 (5th Cir. 1998) (finding no abuse of discretion in the district court's decision to award unliquidated damages without an evidentiary hearing when plaintiff submitted affidavits and supporting documents; the damage award was therefore capable of mathematical calculation); *see also Copeland v. EMC Mortg. LLC*, No. 1:16CV159-HSO-JCG, 2017 WL 11318925, at *1 (S.D. Miss. Nov. 17, 2017) (a hearing on unliquidated damages—emotional distress, pain and suffering, mental anguish, and physical pain—is not required when supported by affidavits, expert reports, and other evidence). Fifth Circuit precedent also supports Plaintiff's $2 million damage calculation for injuries sustained in a car wreck. *See Learmonth v. Sears, Roebuck & Co.*, 710 F.3d 249, 253 (5th Cir. 2013) (affirming federal district court's jury award of $4 million in compensatory damages for injuries sustained in an automobile accident).

## IV.   CONCLUSION

For the foregoing reasons, it is recommended that Plaintiff's *Second Motion for Default Judgment*, Doc. 85, be **GRANTED** and judgment be entered in favor of Plaintiff against Defendant Diaz, that Plaintiff be awarded total damages of $2,000,000, with interest to accrue from the date of judgment at the Court's prescribed rate, and that costs of court be taxed against Defendant Diaz. Finally, Plaintiff should be ordered to advise the Court of the status of any remaining claims pending as to the Defendant listed only as "Avis."

**SO RECOMMENDED** on September 12, 2019.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate where in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996), modified by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).