IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DAVID O'DONNELL, | § | |
|     PLAINTIFF, | § | |
| | § | |
| V. | § | CASE NO. 3:17-CV-1922-S-BK |
| | § | |
| JUAN PABLO ZAVALA DIAZ, | § | |
| AVIS BUDGET CAR RENTAL, LLC, | § | |
| AVIS RENT A CAR SYSTEM, LLC, | § | |
| AND PV HOLDING CORP., | § | |
|     DEFENDANTS. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the District Judge's *Order of Reference*, Doc. 90, Plaintiff's *Application for Turnover Order in Aid of Collection of Judgment* (the "Application"), Doc. 89, is before the Court for findings of fact and a recommended disposition. Plaintiff seeks a turnover order pursuant to Federal Rule of Civil Procedure 69(a) and Texas Civil Practices & Remedies Code § 31.002 ("section 31.002"). Doc. 89 at 3-4. Defendants did not respond to Plaintiff's motion. For the reasons that follow, the Application should be **GRANTED**.

**I. BACKGROUND AND PROCEDURAL HISTORY**

This lawsuit arises out of an automobile accident. Doc. 13 at 1. Plaintiff was a passenger in a car driven by Samuel Moffett at the time of the accident. Doc. 13 at 2. Defendant Juan Pablo Zavala Diaz ("Diaz") was renting a rental vehicle leased to him by an Avis entity when he allegedly collided with Moffett's vehicle "at a high rate of speed." Doc. 13 at 2. Plaintiff sustained severe injuries as a result of the accident. *Id.*

In November 2016, Plaintiff sued Defendant Diaz (and others who have been dismissed

as defendants in this suit) in state court for damages he suffered during the car accident in January 2015. Doc. 1-5 at 1-3. The case was removed to this Court in July 2017. Doc. 1 at 1.

On October 11, 2019, the Court accepted the undersigned United States magistrate judge's findings, conclusions, and recommendation that default judgment be entered in favor of Plaintiff against Defendant Diaz, and Plaintiff be awarded total damages of $2,000,000 with interest to accrue from the date of judgment against Defendant Diaz, and entered judgment to that effect. Doc. 87; Doc. 86 at 5; Doc. 88. Plaintiff subsequently filed the Application now before the Court.

## II. APPLICABLE LAW

Section 31.002, the Texas turnover statute, provides that:

(a) A judgment creditor is entitled to aid from a court of appropriate jurisdiction through injunction or other means in order to reach property to obtain satisfaction on the judgment if the judgment debtor owns property, including present or future rights to property, that:

> (1) cannot readily be attached or levied on by ordinary legal process; and
> (2) is not exempt from attachment, execution, or seizure for the satisfaction of liabilities.

(b) The court may:

* * *

> (3) appoint a receiver with the authority to take possession of the nonexempt property, sell it, and pay the proceeds to the judgment creditor to the extent required to satisfy the judgment.

TEX. CIV. PRAC. & REM. CODE § 31.002.

To obtain relief under this statute, the judgment creditor must show that: (1) the judgment debtor owns the property; (2) the property cannot be readily attached or levied by ordinary legal process; and (3) the property is not exempt from attachment, execution, or seizure. *Id.* at §

31.002(a). "A turnover order must be specific in both identifying the non-exempt property that is susceptible to turnover relief and in tailoring the turnover relief to that property." *Shanze Enter., Inc. v. Amigo MGA, LLC*, No. 13-CV-4311-D, 2014 WL 5493252, at *2 (N.D. Tex. Oct. 30, 2014) (Horan, J.) (internal quotation marks omitted) (citing *Moyer v. Moyer*, 183 S.W.3d 48, 54 (Tex. App.–Austin 2005)).

"[T]he purpose of the turnover proceeding is merely to ascertain whether or not an asset is in the possession of the judgment debtor or subject to the debtor's control." *Beaumont Bank, N.A. v. Buller*, 806 S.W.2d 223, 227 (Tex. 1991). "When nonexempt assets are in the possession of a third party . . . the court may reach those assets if they are *owned* by and *subject to* the judgment debtor's possession or control." *World Fuel Servs. Corp. v. Moorehead*, 229 F. Supp. 2d 584 (N.D. Tex. 2002) (emphasis in original). The judgment creditor has the burden of tracing the assets to the judgment debtor. *In re C.H.C.*, 290 S.W.3d 929, 931 (Tex. App.–Dallas 2009) (citing *Buller*, 806 S.W.2d at 226). When such a showing is made, a presumption arises that the judgment debtor possesses the assets, and the burden shifts to the judgment debtor to show the property is exempt or to otherwise account for it. *Buller*, 806 S.W.2d at 226.

"A cause of action is a property right that can be subject to turnover under the statute." *Great W. Cas. Co. v. Omniflight Helicopters, Inc.*, No. 4:05-CV-678-Y, 2006 WL 3281714, at *2 (N.D. Tex. Nov. 13, 2006) (Means, J.) (citing *Main Place Custom Homes, Inc., v. Honaker*, 192 S.W.3d 604, 627 (Tex. App.–Ft. Worth 2006)). In *Great W. Cas. Co*., the Court concluded that the state court championed the exact purpose of the Texas turnover statute when it transferred all property rights and interest in the judgment debtor's cause of action against its insurer to the judgment creditor. *See id.* at *3. The judgment debtor had a cause of action against its insurer because the insurer failed to defend and indemnify the judgment debtor under its insurance

policy. *Id.*

"Section 31.002 does not specify or restrict the manner in which evidence may be received in order for a trial court to determine whether the conditions of 31.002(a) exist, nor does it require that such evidence be in any particular form, that it be at any particular level of specificity, or that it reach any particular quantum before the court may grant relief under section 31.002." *Tanner v. McCarthy*, 274 S.W.3d 311, 322 (Tex. App.–Houston 2008). If the judgment creditor makes the requisite showing, the court may appoint a receiver to take possession of and sell the judgment debtor's nonexempt assets. TEX. CIV. PRAC. & REM. CODE § 31.002(b)(3). Additionally, under TEX. CIV. PRAC. & REM. CODE § 31.002(e), the trial court has discretion to award attorneys' fees in a turnover proceeding. *Moorehead*, 229 F.Supp.2d at 598 (citing *Thomas v. Thomas*, 917 S.W.2d 425, 436 (Tex. App.–Waco 1996)).

### III.  ANALYSIS

**A. Plaintiff's Application Should be Granted**

Plaintiff's Application and corresponding affidavit support the proposition that judgment debtor Defendant Diaz owns a property interest in his causes of action against his insurer, Avis Budget Car Rental, LLC ("AvisBudget"), and his insurer's alleged general agents, the law firm of Henry, Oddo, Austin & Fletcher ("HOAF") and Sedgewick Claims Services ("Sedgwick") (collectively, "the Agents"). Doc. 89 at 3; Doc. 91 at 5.[1] Like *Great W. Cas. Co.*, judgment creditor Plaintiff seeks judgment debtor Defendant Diaz's property interest in his causes of action against his insurer. *Great W. Cas. Co.*, 2006 WL 3281714, at *3. Neither the insurer nor

---

[1] Plaintiff seeks a turnover order as to Defendant Diaz's causes of action for breach of the contract, violations of the Texas Insurance Code, bad faith, breach of fiduciary duty, violation of the duties of good faith and fair dealing, and negligence under the *Stowers* doctrine. Doc. 89 at 3.

4

the Agents defended or indemnified Defendant Diaz under the insurance policy between Defendant Diaz and AvisBudget. Doc. 89 at 2; *see id*. As such, a presumption arises that judgment debtor Defendant Diaz owns a property interest in his causes of action. *Buller*, 806 S.W.2d at 226. Because Defendant Diaz has not responded to the Application, he has not met his burden of showing that the property at issue is exempt. *Id.*

The Court further finds that Defendant Diaz's property rights and interest in his causes of action against AvisBudget and the Agents cannot readily be attached or levied upon by ordinary legal process. Accordingly, Plaintiff has demonstrated that he is entitled to a turnover order pursuant to section 31.002.

If this recommendation is accepted, the turnover order will transfer all property rights and interest in Defendant Diaz's causes of action against AvisBudget and the Agents but will not decide any of the substantive issues in this case. *Great W. Cas. Co.*, 2006 WL 3281714, at *3. The turnover order will only determine that Defendant Diaz owns a property interest in his causes of action against AvisBudget and the Agents, and that such ownership should be transferred to Plaintiff. *See id*. "There still remains the question as to whether that property interest actually holds any value." *Id.*

Plaintiff also requests "appointment of a receiver for the single purpose of conveying the referenced causes of action to the Plaintiff." Doc. 89 at 8. Here, the Court finds the appointment of a receiver is not necessary as the turnover order will effectively transfer the property interest at issue to Plaintiff. Stated differently, a cause of action is an intangible asset and not the type of property that a receiver can take possession of, sell, and pay the proceeds to a judgment creditor. *See* TEX. CIV. PRAC. & REM. CODE § 31.002. As explained above, the Court determines that Defendant Diaz owns a property interest in his causes of action against AvisBudget and the

5

Agents, and that such ownership should be transferred to Plaintiff. Accordingly, Plaintiff's request for appointment of a receiver should be denied as unnecessary.

### B. Determination of Plaintiff's Reasonable Fees

The Court next considers whether the attorneys' fees and costs sought are reasonable. In adjudicating an award of attorneys' fees in the Fifth Circuit, the court first calculates a "lodestar" fee by multiplying the reasonable number of hours expended on the case by the reasonable hourly rates for the participating lawyers. *See La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995); *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The fee applicant bears the burden of proof on each issue. *See Riley v. City of Jackson*, 99 F.3d 757, 760 (5th Cir. 1996); *La. Power & Light*, 50 F.3d at 324. Next, the court considers whether the lodestar figure should be adjusted upward or downward depending on its analysis of the twelve factors outlined in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974).[2] *Riley*, 99 F.3d at 760. "Many of these factors usually are subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate and should not be double-counted." *Jason D.W. v. Houston Indep. Sch. Dist.*, 158 F.3d 205, 209 (5th Cir. 1998) (internal citations omitted). There is a strong presumption that the lodestar figure represents a reasonable fee. *R.M. Perez & Assocs., Inc. v. Welch*, 960 F.2d 534, 541 (5th Cir. 1992).

#### 1. Hourly Rates

In establishing reasonable hourly rates, the fee applicant typically submits "copies of

---

[2] These factors include: (1) the time and labor required; (2) the novelty and difficulty of the issues; (3) the requisite skill to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson*, 488 F.2d at 717-19.

resumes or summaries of the qualifications of attorneys involved in the litigation, as well as information regarding the individual's litigation skills generally." *S & H Indus., Inc. v. Selander*, No. 11-CV-2988-M-BH, 2014 WL 1116700, at *5 (N.D. Tex. Mar. 20, 2014) (Lynn, J.) (citation omitted); *see also Tollett v. City of Kemah*, 285 F.3d 357, 368 (5th Cir. 2002) ("Generally, the reasonable hourly rate for a particular community is established through affidavits of other attorneys practicing there.").

"When the hourly rate is not objected to by the opposing party, some courts have accepted the fee applicant's asserted reasonable hourly rate." *S & H Indus.*, 2014 WL 1116700 at *6 n.5 (citing *Baulch v. Johns*, 70 F.3d 813, 818 n.8 (5th Cir. 1995)). More recently, however, courts have reduced the asserted hourly rate when the fee applicant fails to "supply any supporting documentation to determine the prevailing market rate in the Dallas area" via "affidavits of other attorneys practicing there." *S & H Indus.*, 2014 WL 1116700, at *6 (citing *Tollett*, 285 F.3d at 368. Courts are also permitted to reduce hourly rates even when they are supported by affidavits form attorneys inside and outside the firm, bar surveys, attorneys' fees in similar cases, and the skills of the movant's attorneys. *See Miller v. Raytheon Co.*, 716 F.3d 138, 149 (5th Cir. 2013) (affirming district court's determination that a thirty percent reduction in the hourly rates of $825, $775, and $400 to $577.50, $542.50, and $280 for the three primary attorneys was reasonable); *Paisano Capital SA de CV v. 23 Texas Produce, Inc.*, No. 3:19-CV-0852-B, 2019 WL 3239152, at *6-7 (N.D. Tex. July 18, 2019) (Boyle, J.) (concluding hourly rate of $125.00 for legal assistants and $195 for paralegals was reasonable).

Here, Plaintiff supports his request for attorneys' fees with an affidavit from Plaintiff's counsel. Doc. 91 at 3-6. Specifically, Attorney Jay English avers that his hourly rate of $650 and his paralegal's hourly rate of $100 are reasonable for the nature of the work performed in

7

this case. Doc. 91 at 5-6. However, Plaintiff's asserted hourly rates are higher than those both the Court of Appeal for the Fifth Circuit and this Court have previously deemed reasonable in cases requiring similar skill, and Plaintiff has submitted no evidence regarding the prevailing market rate in the Dallas area, such as affidavits from other attorneys practicing in Dallas, bar surveys, or attorneys' fees in similar cases. *See Miller*, 716 F.3d at 149. Accordingly, the Court concludes that a twenty-percent reduction in the hourly rate of Plaintiff's counsel is warranted.[3] No reduction in the hourly rate of Plaintiff's paralegal is warranted. *See Paisano Capital SA de CV*, 2019 WL 3239152, at *7.

### 2. Number of Hours

In order to determine the reasonable number of hours expended in a case, the fee applicant must present adequately documented time records to the court. *Bode v. United States*, 919 F.2d 1044, 1047 (5th Cir. 1990). Here, Plaintiff avers that he expended 5.0 hours and his paralegal expended 5.5 hours preparing the Application and accompany affidavit. Doc. 91 at 5-6. Upon review of the affidavit, the Court finds the number of hours expended reasonable and necessary for the successful prosecution of this action. Considering the *Johnson* factors, the Court finds no further reduction is warranted. Accordingly, Plaintiff should be awarded $3,150 as his reasonable attorneys' fees.[4] *Moorehead*, 229 F.Supp.2d at 598.

---

[3] $650 x 0.80 = $520.

[4] $520 x 5.0 hours + $100 x 5.5 hours = $3,150.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's *Application for Turnover Order in Aid of Collection of Judgment*, Doc. 89, should be **GRANTED** to the extent detailed above.

**SO RECOMMENDED** on March 12, 2020.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).